**Ronnie LOFTON, Petitioner,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

No. 94–0993.

Supreme Court of Texas.

March 30, 1995.

James C. Plummer, Houston, Larry Zinn, San Antonio, for petitioner.

Stephen P. Pate, William J. Boyce, Houston, for respondent.

PER CURIAM.

The sole issue in this case is whether, in the absence of a postmark or a certificate of mailing, an attorney's uncontroverted affidavit may establish a date of mailing for compliance with TEX.R.APP.P. 4(b), commonly known as the mailbox rule. A majority of the Court holds that it can.

This case began when Lofton sued his insurance company for failing to provide insurance benefits. A jury returned a verdict in his favor. The trial court, allowing an offset in the amount of money Allstate had already paid on the claim, reduced the jury's award. Lofton, desiring to reinstate the verdict, sought to appeal the trial court's judgment; but in an order issued August 11, 1994, the court of appeals dismissed his appeal for want of jurisdiction, stating that "[a]ppellant's appeal bond was due to have been filed April 25, 1994, but was in fact filed April 28, 1994."

Lofton's attorney filed a sworn affidavit stating that he mailed the appeal bond to the Montgomery County District Clerk on April 25, 1994, the last day for filing. Because no postmark or certificate of mailing exists, the court of appeals did not address whether Lofton complied with TEX.R.APP.P. 4(b).[1]

While a postmark is *prima facie* evidence of mailing, no postmark is available in this case. In the absence of a proper postmark or certificate of mailing, an attorney's uncontroverted affidavit may be evidence of the

---

1. There is no evidence in the record as to why no postmark exists on the documents Lofton claims to have mailed.

date of mailing. This was the conclusion reached by the court of appeals in *Fellowship Missionary Baptist Church of Dallas, Inc. v. Sigel*, 749 S.W.2d 186, 188 (Tex.App.—Dallas 1988, no writ).

Accordingly, the application for writ of error is granted. Pursuant to TEX.R.APP.P. 170, and without hearing oral argument, the judgment of the court of appeals is reversed and the cause is remanded to that court for consideration of the merits of Lofton's appeal.