NO. 12-03-00151-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


IN THE INTEREST OF
§
 APPEAL FROM THE 294TH


S.A.B., C.G.B., AND
§
 JUDICIAL DISTRICT COURT OF


S.L.B., CHILDREN
§
 WOOD COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Debra Lynn Brown ("Brown") attempts to bring a restricted appeal from a child
support order signed on November 19, 2002. We dismiss the appeal for want of jurisdiction.


Background


 On May 22, 2003, this court received a designation of appellate counsel in this appeal from
the Attorney General (the "AG"), who is the appellee. To more particularly identify the appeal to
which the designation of counsel related, the AG furnished a copy of the notice of appeal, which was
signed by Brown's attorney. The notice was not file marked and did not otherwise indicate that it
had been filed with the trial court clerk. See Tex. R. App. P. 25.1(a) (appeal perfected when written
notice of appeal filed with trial court clerk). By letter dated June 11, 2003, this court notified the
trial court clerk and the court reporter that their respective records were due to have been filed by
June 9, 2003, but had not been received. Upon receipt of our June 11 letter, the trial court clerk
notified this court that no notice of appeal had been filed in her office. On June 13, 2003, this court
notified Brown that there was neither a timely filed notice of appeal nor a timely motion for an
extension of the filing deadline. Brown was further notified that the appeal would be dismissed
unless on or before June 23, 2003, information was submitted showing the jurisdiction of this court. 

 On June 23, 2003, Brown filed a Motion for Acceptance of Second Filing of Notice of
Appeal. The motion was accompanied by an affidavit from Brown's attorney stating, in part, the
following:


 On May 8, 2003, I personally drafted and mailed a Notice of Appeal in this cause. This Notice of
Appeal was mailed by certified mail to Mark Brown, Appellee and The Attorney General for the State
of Texas who both within three days' time did receive the same. Further, the Notice was mailed,
postage pre-paid and sufficient to Novis Wisdom, Wood County District Clerk at the Clerk's correct
address. I personally delivered each piece of mail to the United States Post Office and did so on May
8, 2003 and May 9, 2003.



Additionally, Brown provided a copy of another notice of appeal and a transmittal letter dated
June 18, 2003 addressed to the Wood County District Clerk.


Discussion


 A timely filed notice of appeal invokes an appellate court's jurisdiction over all parties to the
trial court's judgment or order appealed from. Tex. R. App. P. 25.1(b). In a restricted appeal, the
notice of appeal must be filed within six months after the judgment or order is signed. Tex. R. App.
P. 26.1(c). The order Brown challenges in this case was signed on November 19, 2002. Therefore,
Brown was required to file her notice of appeal not later than May 19, 2003. 

 A document is considered timely filed if (1) it is sent to the proper clerk by United States
Postal Service first-class, express, registered, or certified mail; (2) it is placed in an envelope or
wrapper properly addressed and stamped; (3) it is deposited in the mail on or before the last day for
filing; and (4) it is received within ten days after the filing deadline. Tex. R. App. P. 9.2(b)(1)(A)-(C). According to the affidavit submitted by Brown's attorney, Brown's notice of appeal was mailed
by first-class mail to the trial court clerk on either May 8 or May 9, 2003. The filing deadline was
May 19, 2003. Thus, Brown has established that the notice of the appeal was mailed before the
filing deadline. See Lofton v. Allstate Ins. Co., 895 S.W.2d 693, 693-94 (Tex. 1995) (attorney's
uncontroverted affidavit is sufficient evidence of date of mailing). However, the trial court clerk
contends, and Brown has furnished no proof to the contrary, that the notice of appeal was never
received in the clerk's office. 

 As a general rule, appellate courts should not dismiss an appeal for a procedural defect
whenever an arguable interpretation of the appellate rules would preserve the appeal. Verburgt v.
Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997). However, Brown cites no authority, and we are not
aware of any, that either authorizes us to deem a notice of appeal timely based solely upon proof of
timely mailing or to allow a second notice of appeal where (1) the trial court clerk did not receive
the first notice of appeal and (2) the only notice of appeal received by this court is a copy furnished
by the appellee. (1) See Stokes v. Aberdeen Ins. Co., 917 S.W.2d 267, 268 (Tex. 1996) (clerk must
receive original or a copy suitable for filing within ten days of the date of mailing) (construing
former Texas Rule of Appellate Procedure 4(b)). Consequently, we conclude that because the trial
court clerk did not receive Brown's notice of appeal within ten days after the filing deadline (May
19, 2003), the notice is untimely. See Tex. R. App. P. 9.2(b)(1). Therefore, this court is without
jurisdiction to consider this appeal. See Tex. R. App. P. 26.1(c). Accordingly, Brown's Motion for
Acceptance of Second Filing of Notice of Appeal is denied, and this appeal is dismissed for want
of jurisdiction.




Opinion delivered June 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.















(PUBLISH)


1. Where a notice of appeal is mistakenly filed with an appellate court, the notice is deemed to have been filed
the same day with the trial court clerk. Tex. R. App. P. 25.1(a). However, in this case, the notice of appeal was not
"filed" in this court, and Rule 25.1(a) is therefore inapplicable.