NUMBER 13-07-00381-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RAMON AND ANITA GARCIA, Appellants,


v.


STATE FARM LLOYDS, Appellee.

 


On appeal from the 275th District Court of Hidalgo County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Benavides


Opinion by Justice Benavides


 

 Appellants, Ramon and Anita Garcia, appeal from two orders granting summary
judgment in favor of appellee, State Farm Lloyds ("State Farm"). By four issues, the
Garcias contend the trial court erred in overruling their objections to State Farm's summary
judgment evidence, sustaining State Farm's objections to their summary judgment
evidence, and in granting final summary judgment in State Farm's favor. We affirm, in part,
and reverse and remand, in part. (1)

I. Jurisdiction As a preliminary matter, we address several jurisdictional issues. First, on August
6, 2007, the clerk of this Court sent the Garcias' counsel a "defect letter," noting that the
trial court's March 27, 2007 summary judgment did not appear to be a final appealable
order because it did not dispose of all parties; specifically, the judgment did not address
causes of action against Andy's Refrigeration, a defendant below. (2) The Garcias and State
Farm responded that all parties considered the trial court's order to be a final order
because Andy's Refrigeration was never served. Although the Garcias attempted to serve
Andy's Refrigeration in 2004, service was not effected. It is undisputed that there were no
further attempts at service.

 Appellate courts are obligated to review sua sponte issues affecting jurisdiction.
M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004). We examine the entire
record to determine whether an order disposes of all pending claims and parties. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205-06 (Tex. 2001). 

 In support of their argument, the parties cite the principle that a judgment may be
final, even though it does not dispose of all parties named in the petition, if the remaining
party was never served with citation and did not file an answer, and nothing in the record
indicates that the plaintiff ever expected to obtain service upon the remaining party. See
Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962) (describing
when failure to obtain service on defendant may be treated as a nonsuit for purposes of
determining finality of judgment); M.O. Dental Lab., 139 S.W.3d at 674-75 (holding that
decision in Penn survives Lehmann). We agree. Here, although Andy's Refrigeration was
never served, there is nothing in the record to suggest that the Garcias ever expected to
do so. "[A] judgment is final for purposes of appeal when (1) the judgment expressly
disposes of some, but not all defendants, (2) the only remaining defendants have not been
served or answered, and (3) nothing in the record indicates that the plaintiff ever expected
to obtain service on the unserved defendants." Sondock v. Harris County Appraisal Dist.,
231 S.W.3d 65, 67 n.1 (Tex. App.-Houston [14th Dist.] 2007, no pet.) (citing Penn, 363
S.W.2d at 232; M.O. Dental Lab., 139 S.W.3d at 674-75). We conclude that the summary
judgment is final for purposes of appeal. See id. 

 Second, State Farm has filed a motion to dismiss this appeal for want of jurisdiction. 
State Farm argues that because the Garcias' motion for new trial was filed more than thirty
days after summary judgment was granted, the motion was untimely and therefore, the
notice of appeal was untimely. The Garcias contend that their motion for new trial was
timely filed under the "mailbox rule." See Tex. R. Civ. P. 5. State Farm contends that it
was not. 

 The trial court's order granting summary judgment was signed on March 27, 2007;
therefore, a motion for new trial was due on or before April 26, 2007. See Tex. R. Civ. P.
329b. In their response to State Farm's motion, the Garcias assert that they mailed their
motion for new trial on April 20, 2007, six days before the deadline. They contend the
motion for new trial was placed in an envelope correctly addressed to the clerk, stamped
first-class United States postage on April 20, 2007 by a computerized pre-paid postage
machine, and mailed through the United States Postal Service on that date. The motion
for new trial was received and file-stamped by the Hidalgo County District Clerk's office on
May 4, 2007. The Garcias filed a notice of appeal on June 11, 2007. See Tex. R. App.
P. 26.1(a) (providing notice of appeal must be filed within thirty days after judgment is
signed, or within ninety days if any party files a motion for new trial). 

 The question before us is whether the Garcias perfected their appeal in reliance
upon the "mailbox rule." Rule 5 provides, in pertinent part that 

 if any document is sent to the proper clerk by first-class United States mail
in an envelope or wrapper properly addressed and stamped and is deposited
in the mail on or before the last day for filing same, the same, if received by
the clerk not more than ten days tardily, shall be filed by the clerk and be
deemed filed in time. A legible postmark affixed by the United States Postal
Service shall be prima facie evidence of the date of mailing.


Tex. R. Civ. P. 5. Texas courts have held that, "[i]n the absence of a proper postmark or
certificate of mailing, an attorney's uncontroverted affidavit may be evidence of the date
of mailing." Lofton v. Allstate Ins. Co., 895 S.W.2d 693, 693-94 (Tex. 1995). 

 In support of their argument that they timely filed their motion for new trial, the
Garcias produced a copy of the envelope, correctly addressed to the district clerk's office,
and stamped "United States Postage," dated April 20, 2007. The Garcias acknowledge
that the United States Postage stamp was affixed by a computerized rented postage
machine at their counsel's office. State Farm argues that the stamp on the envelope is not
a United States Postal Service postmark and does not establish actual mailing on April 20,
2007. Thus, according to State Farm, the April 20, 2007 postmark does not constitute
prima facie evidence of mailing. See Tex. R. Civ. P. 5.

 We need not decide whether the April 20, 2007 postmark constitutes prima facie
evidence of mailing because the Garcias also produced two affidavits. The first affidavit,
from Shannon Loyd, states that she completed the motion for new trial on April 20, 2007, 
used her office's United States Postal Service machine to post mark the envelope, and
mailed it on that date. A second affidavit, from Angelica Coronado, Ms. Loyd's secretary,
states that she and Ms. Loyd used the office postal machine to postmark the envelope
containing the motion for new trial on April 20, 2007 and mailed it on that date. State Farm
offered no evidence controverting either affidavit. We conclude the two affidavits constitute
prima facie evidence that the motion for new trial was placed in the United States mail,
postage pre-paid, on April 20, 2007. See Lofton, 895 S.W.2d at 693-94; Alvarez v.
Thomas, 172 S.W.3d 298, 302-03 (Tex. App.-Texarkana 2005, no pet.) (noting certificate
of service and attorney's affidavit are both prima facie evidence of date of mailing). 

 State Farm also contends that even if the Garcias establish that they mailed the
motion for new trial on April 20, 2007, "the mailbox rule's requirements were not met as the
motion was not received by the Court until May 4, 2007, more than ten days after mailing." 
According to State Farm, unlike Texas Rule of Appellate Procedure 9.2(b), which provides
that a document is timely if received within "ten days after the filing deadline," see Tex. R.
App. P. 9.2(b), Texas Rule of Civil Procedure 5 provides that a document is timely filed if
it is received by the clerk "not more than ten days tardily." See Tex. R. Civ. P. 5. 

 State Farm cites Guevara v. Nolot in support of its position that the mailbox rule's
requirements were not met because the motion for new trial was not received within ten
days of mailing. See Guevara v. Nolot, No. 05-05-1238-CV, 2006 WL 1391287, at *2
(Tex. App.-Dallas May 23, 2006, no pet.) (mem. op.). In Guevara, the Dallas Court of
Appeals found an appeal bond was timely filed under Rule 5 when the evidence showed
it was mailed and received by the justice court clerk prior to the due date. Id. at *2. In
doing so, the court noted that "the record contains evidence showing the appeal bond was
delivered within ten days of the date of mailing and was received and signed for by [the
clerk]." Id. at *2 (emphasis added). We note, however, that the Guevara court was not
addressing whether Rule 5 requires receipt of a document within ten days from mailing or
within ten days of the filing deadline; rather, the court was simply rejecting an argument
that a court clerk's testimony that she did not recall receiving the appeal bond constituted
evidence that it was not received. Id. Thus, the court's comment regarding delivery of the
appeal bond "within ten days of mailing" was dicta. 

 The Garcias cite Stokes v. Aberdeen Ins. Co., 917 S.W.2d 267, 268 (Tex. 1996)
and Williams v. Schneiber, 148 S.W.3d 581, 585-86 (Tex. App.-Fort Worth 2004, no pet.),
noting that in finding documents timely filed under the mailbox rule, neither court relied on
receipt within ten days of mailing. In Stokes, the supreme court found a motion for new
trial was timely filed where it was sent by Federal Express to the court clerk (received the
following day) and mailed the same day to the district judge. Stokes, 917 S.W.2d at 267. 
The court held it was not necessary for the clerk to receive the same piece of paper that
the party mailed via United States mail to benefit from the mailbox rule. Id. at 268 ("We
construe the words 'the same' in the rules to mean an original or any copy of the motion
sufficient for filing.").

 Similarly, in Schneiber, the Fort Worth Court of Appeals held that the mailbox rule
was properly invoked if the clerk timely received a copy of the relevant pleading, even if it
was not the one mailed. Schneiber, 148 S.W.3d at 585. In Schneiber, the plaintiff mailed
an appeal bond on August 22, 2002 and faxed a copy on August 27, 2002, which was
within the prescribed time period. Id. at 584. Although the clerk did not receive the appeal
bond that was placed in the mail, the faxed copy was received. Id. at 584-85. Relying on
Stokes, the Schneiber court held that the appellant invoked the mailbox rule by mailing the
appeal bond on August 22 and ensuring the clerk received a faxed copy on August 27. Id.
at 586. 

 We conclude that none of the cases cited directly address the question before us: 
whether the language in Rule 5 "not more than ten days tardily" refers to ten days from the
date of mailing or ten days from the deadline for filing. The supreme court has stated that
as a general rule, appellate courts should not dismiss an appeal for a procedural defect
whenever an arguable interpretation of the appellate rules would preserve the appeal. 
Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997); see Warwick Towers Council v.
Park Warwick , L.P., 244 S.W.3d 838, 839 (Tex. 2008); Schneiber, 148 S.W.3d at 585
(citing Verburgt, 959 S.W.2d at 616-17).

 We have already determined that the Garcias established that they mailed their
motion for new trial on April 20, 2007. The record contains evidence that it was received
by the clerk's office by May 4, 2007--within ten days of the April 26, 2007 deadline. 
Applying a reasonable interpretation that preserves the Garcias' appeal, see Verburgt, 959
S.W.2d at 616, we hold that the "not more than ten days tardily" requirement in Rule 5
refers to ten days past the filing deadline referenced in the rule ("on or before the last day
for filing same"). See Tex. R. Civ. P. 5. We therefore hold that the Garcias' motion for new
trial was timely filed. Accordingly, the deadline for filing the notice of appeal was extended,
and this appeal is properly before this Court. See Tex. R. App. P. 26.1(a). We overrule
State Farm's motion to dismiss for lack of jurisdiction. We now turn to the merits of this
appeal.

II. Background


 State Farm issued a homeowners insurance policy, the standard HO-B policy, to the
Garcias for their home in McAllen, Texas. The Garcias filed claims under their policy for
water and mold damage on June 22, 2002. After inspections were performed, on
December 10, 2002, State Farm paid the Garcias $26,779.42. The letter accompanying
the payment indicated that the payment was for "water damage."

 The Garcias filed suit against State Farm on October 4, 2004, alleging breach of
contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance
Code, and violations of the Texas Deceptive Trade Practices Act. See Tex. Bus. & Comm.
Code Ann. § 17.50 (Vernon Supp. 2008); Tex. Ins. Code Ann. § 541.151 (Vernon Pamphlet 
2008). (3) The Garcias alleged claims against State Farm based on its failure to pay for mold
damage and to fully pay for the water damage to their home.

 State Farm filed two motions for summary judgment. The first motion purported to
raise no-evidence and traditional grounds with respect to State Farm's liability. See Tex.
R. Civ. P. 166a(c), (i). State Farm argued that there was no coverage for mold claims
under the Texas Supreme Court's decision in Feiss v. State Farm Lloyds, 202 S.W.3d 744,
753 (Tex. 2006). Furthermore, State Farm argued that there was no evidence that the
amount it had already paid was insufficient to make the repairs for water damage to the
Garcias' home. It also challenged the Garcias' extra-contractual claims, arguing that
because there was no coverage for the Garcias' claim for mold damage, there could be no
liability for extra-contractual claims. Furthermore, it argued there was no evidence of any
misrepresentation by State Farm, attaching deposition testimony from the Garcias to
support this argument, and that there was no evidence that the Garcias had any complaint
with how State Farm handled their claims, except that State Farm did not pay enough. 
Finally, the motion argued that the Garcias were not entitled to recover additional living
expenses. 

 The second motion was a "conditional" motion--State Farm argued that the trial
court need only address the second motion if the first were denied. This second motion
challenged the Garcias' alleged damages for mental anguish, treble damages under the
Insurance Code, and exemplary damages. (4) 

 The Garcias responded and objected to State Farm's summary judgment evidence. 
 The Garcias submitted a report from their expert, Frank Zamora, that estimated costs for
repair as $55,716.35. The Garcias also claimed they had to borrow $20,000, in addition
to the amount already paid by State Farm, to continue repairs, but they had run out of
money before the repairs were completed. State Farm, in turn, objected to the Garcias'
summary judgment evidence. 

 The trial court sustained State Farm's objections, overruled the Garcias' objections,
and granted both motions for summary judgment without specifying the basis of its rulings. 
This appeal ensued. 

 III. Summary Judgment Standards

 The trial court granted both of State Farm's motions for summary judgment without
stating the grounds for its rulings. Under these circumstances, we must affirm the
judgment if any of the grounds alleged in the motions were meritorious. W. Invs., Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005). The standard of review we apply is determined
by whether the motion was brought on no-evidence or traditional grounds. See Tex. R. Civ.
P. 166a(c), (i); see also Ortega v. City Nat'l Bank, 97 S.W.3d 765, 771 (Tex. App.-Corpus
Christi 2003, no pet.) (op. on reh'g). 

 A no-evidence summary judgment is equivalent to a pretrial directed verdict, and we
apply the same legal sufficiency standard on review. Mack Trucks, Inc. v. Tamez, 206
S.W.3d 572, 582 (Tex. 2006); Ortega, 97 S.W.3d at 772. Once an appropriate motion for
no-evidence summary judgment is filed, the burden of producing evidence is entirely on
the non-movant; the movant has no burden to attach any evidence to the motion. Tex. R.
Civ. P. 166a(i). We may not consider any evidence presented by the movant unless it
creates a fact question. Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004); Newkumet
v. Allen, 230 S.W.3d 518, 521 (Tex. App.-Eastland 2007, no pet.).

 To defeat a no-evidence motion for summary judgment, the non-movant must
merely produce a scintilla of probative evidence to raise a genuine issue of material fact.
Ortega, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is
'so weak as to do no more than create a mere surmise or suspicion of a fact.'" Id. (quoting
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla exists
when the evidence "rises to a level that would enable reasonable and fair-minded people
to differ in their conclusions." Id. (citing Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex.
1994)). In determining whether the non-movant has met its burden, we review the
evidence in the light most favorable to the non-movant, crediting such evidence if
reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could
not. Tamez, 206 S.W.3d at 582; City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex.
2005). 

 We review the trial court's granting of a traditional motion for summary judgment de
novo. See Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003);
Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003, no pet.). When
reviewing a traditional summary judgment, we must determine whether the movant met its
burden to establish that no genuine issue of material fact exists and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). The movant bears the burden of proof in a traditional motion
for summary judgment, and all doubts about the existence of a genuine issue of material
fact are resolved against the movant. See Sw. Elec. Power Co., 73 S.W.3d at 215. We
take as true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant's favor. Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

 We will affirm a traditional summary judgment only if the record establishes that the
movant has conclusively proved its defense as a matter of law or if the movant has
negated at least one essential element of the plaintiff's cause of action. IHS Cedars
Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Clear Creek Basin, 589 S.W.2d
at 678. A matter is conclusively established if reasonable people could not differ as to the
conclusion to be drawn from the evidence. City of Keller, 168 S.W.3d at 816. Only when
the movant has produced sufficient evidence to establish its right to summary judgment
does the burden shift to the plaintiff to come forward with competent controverting
evidence raising a genuine issue of material fact with regard to the element challenged by
the defendant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 

 When a party moves for summary judgment under both Rules 166a(c) and 166a(i)
of the Texas Rules of Civil Procedure, we will first review the trial court's judgment under
the standards of Rule 166a(i). Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004). If the appellant fails to produce more than a scintilla of evidence under that burden,
then there is no need to analyze whether appellee's summary judgment proof satisfies the
less stringent Rule 166a(c) burden. Id.

IV. State Farm's No-Evidence Motion

 By their fourth issue, the Garcias argue that the trial court erroneously granted State
Farm's no-evidence motions for summary judgment. Before we address the merits of
State Farm's no-evidence motions, however, we must first address the Garcias' argument
that the no-evidence motions did not properly challenge elements of their claims. Texas Rule of Civil Procedure 166a(i) requires that a no-evidence motion for
summary judgment "state the elements as to which there is no evidence." See Tex. R. Civ.
P. 166a(i). The Garcias argue that because State Farm's motion did not satisfy this
requirement, the entire motion must be treated as a traditional motion for summary
judgment, which would place the summary judgment burden of proof on State Farm rather
than on the Garcias. See Michael v. Dyke, 41 S.W.3d 746, 751-52 (Tex. App.-Corpus
Christi 2001, no pet.). 

 The Garcias did not object in the trial court to the sufficiency of the no-evidence
motion. The courts of appeals are split on whether the sufficiency of a motion under Rule
166a(i) may be raised for the first time on appeal. Compare Holloway v. Tex. Elec. Utility
Constr., Ltd., No. 12-07-00427-CV, 2009 WL 765304, at *4 & n.2 (Tex. App.-Tyler Mar.
25, 2009, no pet. h.) (holding issue may be raised for the first time on appeal); Helm Cos.
v. Shady Creek Housing Partners, Ltd., No. 01-05-00743, 2007 WL 2130186, at *6 n.7
(Tex. App.-Houston [1st Dist.] July 26, 2007, pet. denied) (mem. op.) (same); Bean v.
Reynolds Realty Group, Inc., 192 S.W.3d 856, 859 (Tex. App.-Texarkana 2006, no pet.)
(same); In re Estate of Swanson, 130 S.W.3d 144, 147 (Tex. App.-El Paso 2003, no pet.)
(overruling prior decision in Walton v. Phillips Petroleum Co., 65 S.W.3d 262, 268 (Tex.
App.-El Paso 2001, pet. denied) and holding that issue may be raised for the first time on
appeal); and Cimarron Hydrocarbons Corp. v. Carpenter, 143 S.W.3d 560, (Tex.
App.-Dallas 2004, pet. denied) (holding issue may be raised for first time on appeal); and
Cuyler v. Minns, 60 S.W.3d 209, 212-14 (Tex. App.-Houston [14th Dist.] 2001, pet.
denied) (same); and Callaghan Ranch Ltd. v. Killam, 53 S.W.3d 1, 3 (Tex. App.-San
Antonio 2000, pet. denied) (same); with Barnes v. Sulak, No. 03-01-00159-CV, 2002 WL 
1804912, at *9 n.4 (Tex. App.-Austin Aug. 08, 2002, no pet.) (not designated for
publication) (holding objection must be raised in the trial court); Williams v. Bank One, Tex.,
N.A., 15 S.W.3d 110, 117 (Tex. App.-Waco 1999, no pet.) (same); and Roth v. FFP
Operating Partners, L.P., 994 S.W.2d 190, 194-95 (Tex. App.-Amarillo 1999, pet. denied)
(same). We have never been required to decide this issue, although we have mentioned
it in prior decisions. See, e.g., Los Cucos Mexican Café, Inc. v. Sanchez, 2007 WL
1288820, at *5 n.5 (Tex. App.-Corpus Christi May 3, 2007, no pet.) (mem. op.); Galvan v.
Tex. Low Cost Ins. Agency, No. 13-00-593-CV, 2002 WL 34249760, at *3 n.2 (Tex.
App.-Corpus Christi May 16, 2002, no pet.) (not designated for publication). 

 Today, we join the majority of Texas courts, which have held that the lack of
specificity of a motion for no-evidence summary judgment may be raised for the first time
on appeal. The supreme court has held that a nonmovant need not object to the legal
sufficiency of a traditional summary judgment and may raise that argument for the first time
on appeal. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex.
1993) ("Even if the non-movant fails to except or respond, if the grounds for summary
judgment are not expressly presented in the motion for summary judgment itself, the
motion is legally insufficient as a matter of law."). We see no reason why the rule should
be different when the motion challenged is filed under Rule 166a(i) on no-evidence
grounds. See Cimarron Hydrocarbons Corp., 143 S.W.3d at 563. Accordingly, we will
review the Garcias' argument that the no-evidence motion failed to state the specific
elements of their claims that State Farm sought to challenge. 

 We agree with the Garcias with respect to State Farm's first motion. State Farm's
first motion for summary judgment stated that it was being brought under both subsections
(c) and (i) of Texas Rule of Civil Procedure 166a. However, State Farm's only arguments
on no-evidence grounds were that: (1) there was no evidence that it owed the Garcias
more than it already paid; (2) there was no evidence that the Garcias had any complaint
with the way State Farm handled their claims, other than that State Farm did not pay
enough; and (3) there was no evidence of any misrepresentations by State Farm. 

 On appeal, State Farm claims that these arguments were sufficient to attack the
Garcias' breach of contract claims and all of their "extra-contractual" claims. State Farm
points out that the Garcias have not challenged the trial court's rulings with respect to the
mold claims, which the supreme court has held are not covered losses under the policy. 
See Feiss, 202 S.W.3d at 753. With respect to the water damage claims, State Farm
argues that there is no evidence to show that it owed the Garcias more than the
$26,779.42 it already paid, and this is sufficient to defeat all the Garcias' claims.

 However, a motion for no-evidence summary judgment that only generally attacks
a factual theory, without specifying the elements of the claims being attacked, is insufficient
to support a no-evidence summary judgment. See Killam, 53 S.W.3d at 3-4. Rule 166a(i)
is clear in its requirement that the motion "must" state specifically the elements of the claim
challenged, and the comment to the rule further provides that the "motion must be specific
in challenging the evidentiary support for an element of a claim or defense; paragraph (i)
does not authorize conclusory motions or general no-evidence challenges to an opponent's
case." Tex. R. Civ. P. 166a cmt. Here, State Farm's no-evidence motion did not state
specifically which elements of the claims were being challenged, but rather, attacked one
of the Garcias' factual theories without specifying which elements the theory allegedly
supported. Accordingly, we will treat these arguments as traditional summary judgment
grounds. See Michael, 41 S.W.3d at 751-52. (5) 

 The second, conditional motion for summary judgment, however, is a different story. 
First, State Farm's second motion clearly stated that there was no evidence that the
Garcias suffered mental anguish. It stated that "mental anguish damages are limited to
situations where the handling of a claim created anguish significant enough to seriously
disrupt the insured's life." State Farm also argued that there was no evidence that its
conduct caused the Garcias any such mental anguish. (6) See Tex. Bus. & Comm. Code Ann.
§ 17.50(a) (Vernon Supp. 2008) (allowing mental anguish damages for violations of DTPA
and for violations of chapter 541 of the Texas Insurance Code); see also Berry v.
Covarrubias, No. 14-03-01137-CV, 2004 WL 1631117, at *8 (Tex. App.-Houston [14th
Dist.] 2004, no pet.) (mem. op.) ("Berry presented no evidence of mental anguish. Thus,
putting aside any admission on Berry's behalf, the trial court's ruling was correct on
no-evidence grounds."). 

 Next, State Farm's second motion argued that the Garcias would only be entitled
to statutory treble damages under the Texas Insurance Code if there were evidence that
State Farm "knowingly" violated a statutory provision. See Tex. Ins. Code Ann. § 541.152
(Vernon Pamphlet 2008). State Farm argued that there was no evidence that it had acted
knowingly; thus, the Garcias are not entitled to treble damages under the insurance code. 
Finally, State Farm argued that there was no evidence of malice, which State Farm argues
would be required to support a claim for punitive damages. See Tex. Civ. Prac. & Rem.
Code Ann. § 41.003(a)(2) (Vernon 2008). 

 Although the Garcias' appellate brief points to the evidence they submitted in
response to the second motion for summary judgment, they do not cite a single case or
explain how this evidence supports their claims for mental anguish, treble damages under
the insurance code, or punitive damages. See Tex. R. App. P. 38.1(i). Accordingly, nothing
is presented for our review. 

 In sum, we sustain the Garcias' fourth issue with respect to the no-evidence
arguments in State Farm's first motion. However, we affirm the trial court's judgment that
the Garcias are not entitled to recover mental anguish, treble damages for knowing
violations of the insurance code, (7) or exemplary damages for their extra-contractual claims
based on malicious conduct. See Tex. R. App. P. 38.1(i); Anderson v. Long, 118 S.W.3d
806, 811 (Tex. App.-Fort Worth 2003, no pet.). (8)

V. State Farm's Traditional Motion

 By their third and fourth issues, the Garcias argue that State Farm failed to meet its
burden to show that there are no genuine issues of material fact with respect to one or
more elements of their claims, and that they proffered sufficient evidence to defeat the
traditional motion. As part of these arguments, the Garcias also argue that the traditional
motion did not negate any elements of their claims to the extent that these were based on
State Farm's failure to pay for all their water damage, as opposed to mold damage.

 First, the Garcias argue that the traditional motion was limited to their mold claims,
which State Farm argued were precluded by the Texas Supreme Court's decision in Feiss
and which the Garcias do not challenge on appeal. 202 S.W.3d at 753. The Garcias
argue that because State Farm's traditional motion for summary judgment was based
solely on the Feiss decision, the traditional motion has no effect on their claims for water
damage to the home. 

 It is true that the motion for summary judgment argued that the Garcias' breach of
contract claim was barred because mold damage is not covered by the policy, relying on
Feiss. The Garcias, however, have argued that State Farm's no-evidence arguments
should be treated as traditional grounds for summary judgment. Accordingly, we will
proceed in the manner suggested by the Garcias. See Michael, 41 S.W.3d at 751-52. 

 On appeal, State Farm argues that the Garcias' evidence fails to raise a fact issue
because it does not demonstrate the amount that the Garcias actually spent on repairs,
and more importantly, does not demonstrate that the Garcias spent more than the
$26,779.42 already paid by State Farm. However, because we must treat State Farm's
argument as raising a traditional ground, State Farm bore the initial burden to demonstrate
that no genuine issue of material fact exists with respect to the Garcias' breach of contract
claim. Mason, 143 S.W.3d at 798; Grinnell, 951 S.W.2d at 425; Clear Creek Basin, 589
S.W.2d at 678. State Farm has not done so. 

 State Farm attached the insurance policy to its motion for summary judgment. It
provides:

 We will pay only the actual cash value of the damaged building structure(s)
until repair or replacement is completed. . . . Upon completion of repairs or
replacement, we will pay the additional amount claimed under replacement
cost coverage, but our payment will not exceed the smallest of the following:


 (1) the limit of liability under the policy applicable to the damaged or
destroyed building structure(s);


 (2) the cost to repair or replace that part of the building structure(s)
damaged, with material of like kind and quality and for the same use
and occupancy on the same premises; or


 (3) the amount actually and necessarily spent on repair or replace the
damaged building structure(s).

(Emphasis added). State Farm argues that its liability is limited to the amount the Garcias
"actually and necessarily" spent to repair their home, and there is no evidence that the
Garcias spent more than it already paid to repair the water damage. State Farm, however,
incorrectly assumes that its liability is limited to the amount the Garcias actually spent. 

 The contractual provision urged by State Farm as a limit of its liability only applies
"[u]pon completion of repairs or replacement." State Farm did not present any evidence
demonstrating that the repairs have been completed. In fact, State Farm's evidence
included Ramon Garcia's deposition testimony, wherein he stated that the Garcias had not
yet replaced the floors in their house because they ran out of money. See Binur, 135
SW.3d at 651 (providing that evidence attached to a no-evidence motion may be
considered if it creates a fact issue). He testified that there was carpet that still needed to
be replaced. Viewing the evidence in the light most favorable to the Garcias, this evidence
shows that the repairs for the water damage to their home were not completed. Because
the evidence shows that the Garcias had not completed the repairs to their home, it is
impossible to determine the "amount actually and necessarily spent." Thus, State Farm's
motion for summary judgment was based on a flawed premise. Accordingly, we reverse
the trial court's summary judgment on the Garcias' breach of contract claim based on State
Farm's failure to pay for water damage.

 Second, State Farm argued that the Garcias' "extra-contractual" claims failed
because there was no coverage. State Farm argued that to establish a breach of the duty
of good faith and fair dealing, the Garcias had to prove that State Farm knew or should
have known its liability was reasonably clear and that despite clear liability, it failed to
attempt to effectuate a prompt, fair, and equitable settlement of the claim. See Universe
Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 (Tex. 1997). State Farm argued that there can
be no bad faith for failure to pay a claim that is not actually covered. See Republic Ins. Co.
v. Stoker, 903 S.W.2d 338, 341 (Tex. 1995). We agree with the Garcias that State Farm's
motion for summary judgment limited this argument to the Garcias' mold claims. This
portion of the motion for summary judgment specifically argued that "[t]he Feiss ruling and
terms of the policy excluding coverage for mold and [additional living expenses] establish
that State Farm's liability was never reasonably clear." State Farm did not assert that its
liability never became reasonably clear because it paid all it owed for water damage. 
Accordingly, the trial court's summary judgment was in error to the extent that it was
granted on the Garcias' bad faith claims relating to the failure to pay for water damage.

 State Farm likewise argued that when bad faith, insurance code, and DTPA claims
"are premised on the same set of facts, the statutory claims depend on the existence of
a valid bad faith claim." State Farm reasoned that because Feiss compels the conclusion
that State Farm was not liable for a covered claim, the Garcias' extra-contractual claims
necessarily fail along with their breach of contract claims. Again, we agree with the
Garcias that this argument was limited to the Garcias' mold claims. Accordingly, the trial
court's summary judgment was in error to the extent that it was granted on the Garcias'
insurance code and DTPA claims relating to the failure to pay for water damage.

 Third, State Farm presented testimony from the Garcias that they did not "know of
any complaints" they had with respect to State Farm's handling of their claims "other than
that . . . [they] haven't been paid enough." This argument was not limited to the Garcias'
mold claims, and we find that the Garcias have not preserved their arguments against this
ground for the summary judgment. As we noted above, although the Garcias' appellate
brief points to the evidence they submitted in response to the motion for summary
judgment, they do not cite a single case or explain how this evidence supports their extra-contractual claims, to the extent those are based on something other than State Farm's
failure to pay for water damage. Additionally, the Garcias' brief does not explain their
testimony that they did not know of any other complaints with State Farm's handling of the
claims. See Tex. R. App. P. 38.1(i). Accordingly, we affirm the summary judgment on the
Garcias' extra-contractual claims, to the extent those are based on something other than
State Farm's failure to pay for all the water damage, as that is the extent of State Farm's
argument to the trial court.

 Furthermore, State Farm also argued that there was no evidence of any extra-contractual claims based on misrepresentations by State Farm, citing testimony from Anita
Garcia to that effect and testimony from Ramon Garcia that he did not talk to anyone from
State Farm. The Garcias alleged several causes of action based on misrepresentations
by State Farm. Tex. Bus. & Comm. Code Ann. § 17.50(a)(1), (4); id. § 17.46(b)(5), (7), (12),
(24) (Vernon 2008); Tex. Ins. Code Ann. § 541.151 (Vernon Pamphlet 2008); id. §
541.051(1) (Vernon Pamphlet 2008); id. § 541.060(a)(1) (Vernon Pamphlet 2008); id. §
541.061 (Vernon Pamphlet 2008). On appeal, the Garcias do not explain their testimony,
cite any cases, or point to any misrepresentations by State Farm. Accordingly, we affirm
the summary judgment on the Garcias' statutory misrepresentation claims. Tex. R. App.
P. 38.1(i).

 Fourth, State Farm argued that because "coverage is not afforded pursuant to the
terms and conditions of the policy," the Garcias' insurance code claims fail as a matter of
law. With respect to the mold claims, State Farm is correct, and the Garcias have not
challenged that ruling on appeal. To the extent these general statements could be
construed as challenging State Farm's liability for the water damage, we have already
rejected State Farm's argument that they have no further liability under the policy. Thus,
to the extent the trial court granted summary judgment on the Garcias' insurance code
claims based on this reasoning, we reverse the summary judgment on the insurance code
claims.

 Finally, State Farm argued that the Garcias did not incur any "additional living
expenses," an element of their damages, because the house was inhabitable during the
repairs, and the Garcias' daughter, Melinda Guerra, and her family were living in the
residence during the entire time. State Farm presented testimony from Ramon Garcia to
support this argument. The Garcias have not addressed this argument on appeal. See
Tex R. App. P. 38.1(i). Therefore, we affirm the trial court's judgment to the extent it holds
that the Garcias are not entitled to additional living expenses as an element of their
damages. 

V. Conclusion We affirm, in part, and reverse and remand, in part. Because the Garcias do not
dispute that mold is not a covered loss under their homeowners policy, we affirm the
summary judgment dismissing the Garcias' mold claims. We also affirm the trial court's
summary judgment on the Garcias' claims for (1) mental anguish damages; (2) treble
damages; (3) exemplary damages; and (4) damages for additional living expenses under
the policy. We likewise affirm the trial court's summary judgment on the Garcias' insurance
code and DTPA claims, to the extent those are based on "something other than State
Farm's failure to pay for water damage" or are based on misrepresentations by State Farm. 
However, we reverse the trial court's judgment on the Garcias' claims for breach of contract
and breach of the duty of good faith and fair dealing relating to water damage. 

 To further summarize, on remand, the claims still available to the Garcias are (1)
breach of contract and breach of the duty of good faith and fair dealing, and (2) violations
of the insurance code and DTPA, to the extent those are based on State Farm's failure to
pay for all the water damage to the Garcias' home. The damages available for these
claims will not include: (1) mental anguish damages; (2) treble damages under the
Insurance Code for conduct committed "knowingly," (3) exemplary damages based on
malicious conduct, and (4) additional living expenses under the policy.



 ________________________________

 GINA M. BENAVIDES,

 Justice


Concurring Opinion by

Justice Linda Reyna Yañez.


Opinion delivered and filed this

the 30th day of April, 2009.


1. As this is a memorandum opinion, and the parties are familiar with the facts, we will only recite those
facts necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.
2. We note that in their original petition, appellants sued several defendants individually, including Julie
Merkt, Thomas C. Van Dyke, Jr., Doug Cook, and Andy's Refrigeration. The docket sheet reflects that Merkt,
Van Dyke, Jr., and Cook were served with citation, but does not reflect that they answered. However, the
record contains appellants' First Amended Petition, in which only State Farm Lloyds and Andy's Refrigeration
are named as defendants. "When a party's name is omitted from an amended pleading, he is as effectively
dismissed as where a formal order of dismissal is entered." Randolph v. Jackson Walker, L.L.P., 29 S.W.3d
271, 274 (Tex. App.-Houston [14th Dist.] 2000, pet. denied); see Tex. R. Civ. P. 65. 
3. The Garcias initially pleaded violations of former Texas Revised Civil Statutes article 21.21, which
was repealed and codified without substantive change. See Act of May 10, 2001, 77th Leg., R.S., ch. 290,
§ 1, 2001 Tex. Gen. Laws 548, 548-51, repealed and recodified by Act of May 22, 2003, 78th Leg ., R.S., ch.
1674 §§ 2, 26, 2003 Tex. Gen. Laws 3611, 2659-61 (current versions at Tex. Ins. Code Ann. §§ 541.051,
541.056 (Vernon Pamphlet 2008). The parties' briefs refer to the insurance code, and so will we.
4. The two motions raised numerous issues, in many instances without being entirely clear. The vague
and piecemeal nature of State Farm's motions for summary judgment have resulted in an opinion that is, to
a degree, necessarily disjointed. 
5. Other courts of appeals have held that the appropriate inquiry is whether the no-evidence motion
provides "fair notice" of the elements for which there was no evidence. See Roth v. FFP Operating Partners,
L.P., 994 S.W.2d 190, 194 (Tex. App.-Amarillo 1999, pet. denied); Cf. In re Estate of Hall, No.
05-98-01929-CV, 2001 WL 753795, at *3 (Tex. App.-Dallas July 05, 2001, no pet.) (not designated for
publication) (holding that a motion that failed to state the elements of the claims challenged did not provide
"fair notice"). Recently, in dicta, this Court implied as much. See Villarreal v. Del Mar College, No.
13-07-00119-CV, 2009 WL 781750, at *3 & n. 21, *5 n. 45 (Tex. App.-Corpus Christi Mar. 26, 2009, no pet.
h.) (mem. op.) (citing Waite v. Woodward, Hall & Primm, P.C., 137 S.W.3d 277, 281 (Tex. App.-Houston [1st
Dist.] 2004, no pet.) (holding that by failing to reference Rule 166a(c) or to cite any evidence to establish claim
as a matter of law, the plaintiff's motion failed to provide fair notice that motion was brought on traditional
grounds)). However, in Michael v. Dyke, this Court rejected a "fair notice" standard when construing a no-evidence motion for summary judgment. 41 S.W.3d 746, 750-51 n. 3 (Tex. App.-Corpus Christi 2001, no
pet.); see also Hansler v. Nueces County, No. 13-99-583-CV, 2001 WL 997350, at *3 (Tex. App.-Corpus
Christi May 3, 2001, no pet.) (contrasting, in dicta, the "fair notice" standard under Rule 166a(c) with
subsection (i)'s specificity requirement). We reaffirm that holding today, and we again hold that the "fair
notice" standard does not apply to Rule 166a(i)'s requirement that the motion state specifically the elements
for which there is no evidence. To the extent that Villarreal suggests otherwise, we note that the issue was
not raised by the appellant, and our statements were dicta. See Villarreal, 2009 WL 781750, at *5 n. 45. 
 


 Generally, "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing
party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will
be relevant." Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000). In other words, even
though the pleading is not precise, if the responding party understood the allegations or the court, on review,
can decipher the allegations, the pleading provided "fair notice." See id.; see, e.g., 1994 Land Fund II v.
Ramur, Inc., No. 05-98-00074-CV, 2001 WL 92696, at *6 (Tex. App.-Dallas Feb. 05, 2001, no pet.) (not
designated for publication) (reviewing factual assertions in no-evidence motion for summary judgment and
assigning assertions to elements of non-movant's claims by applying "fair notice" standard). 


 However, Rule 166a(i) and the comments thereto make clear that, with respect to the elements of
the non-movant's claims being challenged, the movant must do more than provide "fair notice"--the movant
"must" state the specific elements for which there is no evidence. Tex. R. Civ. P. 166a(i) & cmt. Even though
by applying a "fair notice" standard, this Court could make an educated guess as to the elements being
challenged, we decline to do so because: (1) the rule is clear as to its requirements and uses the mandatory
term "must," (2) it is relatively easy to state the elements of a claim for which there is no evidence, and (3) a
proper motion shifts the burden to the non-movant to come forward with evidence. Applying a "fair notice"
standard would place too great a burden on the non-movant and would be clearly contrary to the express
language of Rule 166a(i). See Holloway v. Tex. Elec. Utility Constr., Ltd., No. 12-07-00427-CV, 2009 WL
765304, at *5 (Tex. App.-Tyler Mar. 25, 2009, no pet. h.); Fieldtech Avionics & Instruments, Inc. v. Component
Control.Com, Inc., 262 S.W.3d 813, 824 n.4 (Tex. App.-Fort Worth 2008, no pet.); Mott v. Red's Safe & Lock
Servs., Inc., 249 S.W.3d 90, 98 (Tex. App.-Houston [1st Dist.] 2007, no pet.); Michael, 41 S.W.3d at 751 n.3;
Callaghan Ranch Ltd. v. Killam, 53 S.W.3d 1, 3 (Tex. App.-San Antonio 2000, pet. denied). 
6. State Farm also presented evidence to support its no-evidence arguments. However, we cannot
consider evidence submitted in support of a no-evidence motion for summary judgment, except to the extent
that evidence raises a fact issue in the Garcias' favor. Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004).
7. We note that the DTPA allows treble damages if the consumer proves that the conduct was
committed "intentionally." See Tex. Bus. & Comm. Code Ann. § 17.50(b)(1) (Vernon 2002). The Garcias,
however, did not plead they were entitled to treble damages for State Farm's intentional conduct, but rather,
limited their pleading to knowing violations. The Garcias, likewise, did not argue to the trial court that State
Farm's conduct was intentional. See Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court
by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). 
8. The Garcias' second issue argues that the trial court erroneously sustained State Farm's objections
to their summary judgment evidence. However, we need not address the Garcias' second issue in order to
affirm the summary judgment for failure to adequately brief how that evidence, if properly considered,
supported their claims. See Tex. R. App. P. 47.1.