**Motion to Abate Denied as Moot; Order filed October 16, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-12-00769-CR
_____

**CURTIS JAMES PRITCHARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 1804094**

---

## ORDER

A jury convicted appellant of assault on a family member. On July 17, 2012, the trial court sentenced appellant to one year in county jail. No motion for new trial was filed. The clerk's record was filed September 13, 2012. Our record contains two *pro se* notices of appeal, both of which were filed more than thirty days after appellant was sentenced. *See* Tex. R. App. P. 26.2(a)(1). There is a hand-written notice of appeal dated and filed on August 17, 2012, thirty-one days after sentencing. In addition, there is a form

notice of appeal filed August 21, 2012, along with an envelope post-marked August 17, 2012, showing that the second notice of appeal was mailed from the Harris County Jail.

Because it appeared that appellant's notice of appeal was untimely, on September 25, 2012, this court notified appellant that the court would consider dismissal of the appeal unless any party filed a response demonstrating that we have jurisdiction over the appeal. On October 9, 2012, appellant, through his appointed counsel, filed a motion to abate the appeal for an evidentiary hearing on the timeliness of appellant's notice of appeal. Appellant asserts that he delivered his notice of appeal to sheriff's deputies at the jail well within the filing deadline and he has no control over when it was deposited in the mail. The motion is supported by appellant's affidavit stating that he completed the notice of appeal form at the jail library shortly after trial and delivered it for mailing during the first two weeks of August.

Pleadings, including notices of appeal, of *pro se* inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the district or county clerk. *Campbell v. State,* 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (citing *Houston v. Lack,* 487 U.S. 266, 271, 275, 108 S.Ct. 2379 (1988)). Texas Rule of Appellate Procedure 9.2(b) governs filing by mail. When a document is received within ten days of its due date, it is considered timely filed if it was properly mailed timely. Tex. R. App. P. 9.2(b)(1). The rule states that while "a legible postmark affixed by the United States Postal Service" is conclusive proof of mailing, we may consider other proof. Tex. R. App. P. 9.2(b)(2). An affidavit may be accepted as proof of mailing when a postmark is unavailable. *See Lofton v. Allstate Ins. Co*., 895 S.W.2d 693, 693–94 (Tex. 1995) (holding that attorney's uncontroverted affidavit may be evidence of date of mailing); *Watson v. Heaton,* No. 14-09-00717-CV, 2010 WL 5132565 (Tex. App.—Houston [14th Dist.] Dec. 14, 2010, no pet.) (mem. op.). We see no reason why we should not accept appellant's affidavit stating that he timely delivered his notice of appeal to prison officials. *See Ramos v. Richardson,* 228 S.W.3d 671, 673 (Tex. 2007) (holding that letter

and certificate of service accompanying notice of appeal constituted sufficient proof that inmate's notice of appeal was timely placed in outgoing prison mailbox). Abatement for an evidentiary hearing is unnecessary in this case.

Accordingly, we **DENY as moot** appellant's motion to abate the appeal for a hearing. We **ORDER** appellant's notice of appeal deemed timely filed because appellant verified that he timely delivered it to jail officials for mailing. Appellant has invoked this court's jurisdiction over his appeal. *See Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.").

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.