

# Fourth Court of Appeals
## San Antonio, Texas

October 23, 2013

No. 04-13-00549-CV

Ernest **MUNGIA**,
Appellant

v.

**VIA METROPOLITAN TRANSIT**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 380931
Honorable Irene Rios, Judge Presiding

## O R D E R

We issued an order requiring appellant to show why this appeal should not be dismissed because the trial court's order setting aside a default judgment was interlocutory and unappealable. Both appellant, Ernest Mungia, and appellee, Via Metropolitan Transit, filed responses to our order. In addition, appellee moved to dismiss on the ground the appeal was not timely filed.

Having reviewed the parties' responses and the record, we conclude that the trial court's Order Granting Via Metropolitan Transit's Motion for Summary Judgment granted full relief on appellee's cause of action for declaratory judgment, and is a final and appealable judgment.

Via Metropolitan Transit asserts this court nevertheless does not have jurisdiction over this appeal because it was not timely filed. The judgment was signed April 23, 2013. Mungia timely filed a motion that extended the time for perfecting an appeal. *See* Tex. R. Civ. P. 329b(g); Tex. R. App. P. 26.1(a). Thus, the notice of appeal was due July 22, 2013, or a motion for extension of time to file the notice of appeal was due fifteen days later on August 6, 2013. *See* Tex. R. App. P. 26.1, 26.3. The record contains a notice of appeal marked as filed in the Bexar County Clerk's Office on July 24, 2013. Mungia did not file a motion for extension of time to file the notice of appeal.

Via Metropolitan Transit's motion to dismiss acknowledges that the notice of appeal contains a certificate of service dated July 18, 2013, that the notice of appeal was received in its counsel's office by facsimile transmission on July 18, 2013, and that Mungia's cover letter to the

Bexar County Clerk's Office is dated July 18, 2013. In addition, Via Metropolitan attaches to its motion a letter from Mungia's attorney in which he advises Via Metropolitan Transit that he personally placed the original notice of appeal in the mail to the clerk on July 18, 2013. Nevertheless, Via Metropolitan Transit argues the notice of appeal was not timely filed and expresses disbelief that it could take six days for a letter to be delivered by mail to the clerk's office. Via Metropolitan Transit also relies on the affidavit of the Bexar County Clerk that states it is the policy and practice of the Clerk's Office to retain the transmitting envelopes for any documents filed by mail in the official court file and that there is no transmittal envelope filed with the notice of appeal in this case.

The sworn response filed by Mungia's attorney establishes the notice of appeal was properly filed by mail on July 18, four days before it was due. *See* TEX. R. CIV. P. 5; TEX. R. APP. P. 9.2(b); *Lofton v. Allstate Ins. Co.,* 895 S.W.2d 693 (Tex. 1995). The Bexar County Clerk received the notice of appeal less than ten days after it was due. Accordingly, the notice was timely filed. *See* TEX. R. CIV. P. 5.

Additionally, a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997). We consider the facts asserted in Mungia's sworn response to our show cause order to be a reasonable explanation for any untimely filing of the notice of appeal and we grant the implied motion for extension of time.

We therefore **deny** Via Metropolitan Transit's motion to dismiss and retain this appeal on the court's docket. We reinstate the appellate deadlines and order appellant's brief due November 25, 2013.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of October, 2013.

_____
Keith E. Hottle
Clerk of Court