Kearney M. ALBAUGH et al.,
Appellants,

v.

STATE BANK OF LA VERNIA,
Appellee.

No. A4071.

Court of Civil Appeals of Texas,
San Antonio.

June 13, 1979.

Daniel R. Rutherford, San Antonio, for appellants.

William L. Knobles, Seguin, for appellee.

OPINION

PER CURIAM.

The final judgment in this case was signed on March 30, 1979. Under Rules 354, 356 and 385, appellant was required to file an appeal bond within thirty days after the date of the judgment.[1] Since the 30th day was a Sunday, the last day for timely filing of the bond was Monday, April 30. Rule 4.

On May 24, 1979, within the sixty-day period prescribed by Rules 385 and 386, appellant tendered the transcript to the clerk of this Court for filing. The transcript showed that the appeal bond was filed on May 3, 1979, after the expiration of the thirty-day period prescribed by the rules. The transcript also contained a copy of the envelope in which the bond had been mailed to the district clerk. The clerk of this Court was unable to determine whether there had been compliance with that portion of Rule 5 which provides that an appeal bond mailed to the proper clerk by first-class United States mail in an envelope properly addressed and stamped shall be considered timely filed if it is deposited in the mail one or more days before the last day for filing and is received by the clerk not more than ten days "tardily." The rule provides that a legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Appellant has now filed a certified copy of the letter of transmittal and of the envelope in which the letter and appeal bond were enclosed. The certificate reflects that the appeal bond was received by the clerk on May 3, 1979.

The metered stamp on the envelope shows the date of April 26. To the left of this stamp there is a postmark which reflects that the letter was mailed on May 1, 1979, in the afternoon.

It is clear that the "postmark" showing April 26 as the date of mailing was impressed on the envelope by a postage meter stamp of the type used in business offices by persons other than the United States

1. All references are to Texas Rules of Civil Procedure.

Postal Service. This stamp, at best, indicates the date on which the envelope was stamped by the meter. The date appearing on the metered stamp is set by the person operating the meter, so that, in fact, the metered stamp merely shows the date which appeared on the meter at the time the envelope was stamped, rather than the actual date.[2]

The postmark "affixed by the United States Postal Service" shows that the letter was mailed during the afternoon of May 1, 1979, which was the day after expiration of the period during which the bond was required to be filed. According to this "official" postmark, the letter was not timely mailed and, therefore, the bond received by the clerk on May 3, 1979, was not filed within the time required by law.

The motion for extension of time is denied and the appeal is dismissed.

---

**2.** The opinion in *Ector County Independent School District v. Hopkins*, 518 S.W.2d 576 (Tex.Civ.App.—El Paso 1974, no writ), contains the statement, embodied in a footnote, that a date appearing on a metered stamp is "some evidence" of the date of mailing. 518 S.W.2d at 583 n. 1. In view of the manner in which postage meters located in private offices are operated, the metered stamp has little, if any, probative force as evidence of the date of mailing.