**TEXAS BEEF CATTLE COMPANY, W.H. "Bill" O'Brien, J. Malcolm Shelton IV, James Neil Shelton, John M. Shelton III, Kenny Wagner, W.A. Attebury, and W.H. Attebury, Appellants,**

v.

**Jeff GREEN, Individually and d/b/a J & F Cattle Company, Appellee.**

No. 09–93–013 CV.

Court of Appeals of Texas, Beaumont.

Oct. 7, 1993.

David Fisher, Orgain, Bell & Tucker, Beaumont, for appellants.

Mike Johnston, James Gumbert, Sullins, Johnston, Rohrback, Magers & Hebert, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## ORDER

PER CURIAM.

We have before the Court appellee Jeff Green's motion to permit filing of brief pursuant to TEX.R.APP.P. 4(b), which requires, inter alia, that the brief must have been mailed on or before the due date for filing to be considered as timely filed with the Court. Appellee's brief was received by the Clerk of this Court on September 20, 1993, without having been filed. Appellee's brief was originally due April 20, 1993. Appellee received an extension until June 21, 1993, and a second extension was granted until August 5, 1993. A third extension was granted until September 3, 1993. A fourth and final extension of 14 days was granted to appellee and his brief became due on or before September 17, 1993.

■ Appellee alleges in his motion to permit filing of said brief that it was deposited in the mail, properly addressed and stamped on Friday, September 17, 1993, and pursuant to TEX.R.APP.P. 4(b) appellee's brief should be accepted having been timely filed. The envelope containing appellee's brief was postmarked by the U.S. Postal Service on September 18, 1993. Appellee alleges this postmark is only prima facie evidence and should not be controlling. In support of his motion, appellee's attorney has attached an affidavit that said brief was deposited in an official mail box under the care and custody of the U.S. Postal Service on September 17, 1993. Said motion is also supported by a xerox copy of the envelope containing the brief depicting postage from a private postal meter bearing the date September 17, 1993.

Rule 4(b) provides for the filing of records, briefs, and other papers if same is sent to the proper clerk at the proper address by first class U.S. mail, deposited on or before the last day for filing same and must be received by the clerk not more than ten days later, then it shall be deemed as timely filed, "provided, however, that a certificate of mailing by the U.S. Postal Service or a legible postmark affixed by the U.S. Postal Service shall be prima facie evidence of the date of mailing." In the case before us, a prima facie case has been made that appellee's brief was not timely filed under Rule 4(b). Appellee has tendered rebuttable evidence in the form of an affidavit by appellee's attorney that regardless of the postmark, the brief was deposited in an official depository under the care and custody of the U.S. Postal Service on the last day for filing, September 17, 1993. Additional evidence is offered by the appellee in the form of metered postage from a private machine also timely dated, i.e., September 17, 1993.

■ The Court must determine if the controverting evidence offered by appellee overcomes the U.S. postal mark of September 18, 1993. Prima facie evidence of the date of mailing a brief, records, or other papers may be established not only by the postmark affixed by the U.S. Postal Service but also by a certificate of mailing by the U.S. Postal Service. *See Fellowship Missionary Baptist Church v. Sigel*, 749 S.W.2d 186 (Tex.App.— Dallas 1988, no writ), which holds that if a postmark is absent, then the date of mailing can be established by affidavit. TEX.R.APP.P. 19(d). *See also Doyle v. Grady*, 543 S.W.2d 893 (Tex.Civ.App.—Texarkana 1976, no writ), which sustained timeliness based upon an affidavit by an employee of the U.S. Postal Service affirmatively establishing the date that he affixed the postage to the envelope, because the postage from a postage meter was not cancelled and no postmark was shown.

■ We are not without prior authority on this question. In *Albaugh v. State Bank of La Vernia*, 586 S.W.2d 137 (Tex.Civ.App.— San Antonio 1979, no writ), the court was faced with a similar situation in which the metered stamp on the envelope was dated five days prior to the U.S. postmark. The court noted that the "postmark" showing the earlier date was impressed on the envelope by a postage meter of the type used in

business offices rather than that used in the U.S. Postal Service. It was the court's opinion that the date appearing on the metered stamp reflected only the time the envelope was stamped, rather than the actual date of mailing, and, based on the official postmark by the U.S. Postal Service, the instrument in that case was held not timely filed. While the case of *Ector County Independent School Dist. v. Hopkins*, 518 S.W.2d 576 (Tex.Civ. App.—El Paso 1974, no writ), states that a postage meter stamp is some evidence of the date of filing, we agree with the San Antonio Court in *Albaugh* that "the metered stamp [in private offices] has little, if any, probative force as evidence of the date of mailing." We do agree with *Ector* in their statement that the "better practice is to use an official postal service postmark." Under the facts before us, the attorney's affidavit and the postage meter postmark does not overcome the presumption of date of mailing established by the U.S. postmark. We overrule appellee's motion to permit filing of brief pursuant to TEX.R.APP.P. 4(b).

MOTION TO PERMIT FILING OF APPELLEE'S BRIEF OVERRULED.