IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-521-CR





SHARON LYNN ANDERSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0922535, HONORABLE BOB JONES, JUDGE PRESIDING



 





 Appellant entered a negotiated plea of guilty to the offense of forgery. See Tex.
Penal Code Ann. § 32.21 (West 1989). The trial court deferred adjudication of guilt, placing
appellant on probation for a term of ten years, and ordered appellant to pay restitution in the
amount of $40,291.87. Appellant's five points of error are directed to the trial court's ordering
appellant to pay restitution in the amount of $40,291.87 as a condition of probation. We will set
aside the punishment and remand the cause to the trial court for a new hearing on punishment.

 At the outset, we address the State's contention that this Court is without
jurisdiction over this appeal because appellant's notice of appeal was untimely filed. Appeal is
perfected when notice of appeal is filed within thirty days after the day sentence is imposed or
suspended in open court or the day an appealable order is signed by the trial court. See Tex. R.
App. P. 41(b)(1).

 The trial court deferred adjudication of guilt on August 6, 1992. Appellant's notice
of appeal, dated September 2, 1992, does not reflect the date it was filed in the district clerk's
office. However, transmittal of appellant's notice of appeal to this Court shows that it was
received by the district clerk on September 23, 1992. Pursuant to the requirements of Rule
41(b)(1), notice of appeal was due to be filed not later than September 5, 1992, which was a
Saturday. Monday, September 7, 1992, was a legal holiday (Labor Day). The next day that was
neither a Saturday, Sunday or legal holiday was Tuesday, September 8, 1992. See Tex. R. App.
P. 5(a).

 Attached to appellant's brief is the affidavit of Noemi Infante, identified in the
affidavit as the secretary to appellant's counsel of record in the instant cause. The affiant states
that she has examined the letters, the notice of appeal, the designation of the record and the two
"green cards" attached to the affidavit, and that each of these documents is a true and correct copy
of the original document "in the files of this office," and except as to the "green cards," is a true
and correct copy of the documents that she prepared and sent by certified mail, return receipt
requested, to the Travis County District Clerk's Office on September 2, 1992. Attached to the
affidavit are letters dated September 2, 1992, notice of appeal and designation of record addressed
to the Travis County District Clerk and the official court reporter for the 167th Judicial District. 
The letter to the court reporter contains a request for the preparation of the statement of facts. 
The letters purport to bear the signature of appellant's counsel of record. The copies of the
United States Postal Service return receipts ("green cards") show that the certified mailings were
received by the district clerk's office and the court reporter on September 8, 1992.

 Subject to certain conditions, the filing of records and other papers in the appellate
court as required by the rules can be established by the postmark affixed by the U.S. Postal
Service. See Tex. R. App. P. 4(b). "Motions dependent on facts not apparent in the record and
not ex officio known to the court must be supported by affidavits or other satisfactory evidence." 
 See Tex. R. App. P. 19(d). In Fellowship Missionary Baptist Church v. Sigel, 749 S.W.2d 186,
188 (Tex. App.--Dallas 1988, no writ), the court stated that in the absence of a postmark, the date
of mailing can be established by affidavit under Rule 19(d) in determining jurisdiction. See also
Texas Beef Cattle Co. v. Green, 862 S.W.2d 812, 813 (Tex. App.--Beaumont 1993, no writ). We
perceive no reason why the date of filing notice of appeal cannot be established by affidavit
pursuant to Rule 19(d). We hold that the affidavit identifying copies of a United States Postal
return receipt showing that the district clerk's office received notice of appeal on September 8,
1992, along with letters and documents relative to appellant's appeal, were sufficient to show that
notice of appeal was timely filed and that this Court has jurisdiction of this cause.

 Among the five points of error appellant asserts in contending that the trial court
erred in ordering restitution in the amount of $40,291.87 is that the trial court abused its
discretion. Pursuant to the plea bargain agreement, the trial court deferred adjudication for ten
years subject to the condition that appellant make full restitution of all outstanding checks. 
Because the amount of restitution was in dispute, a hearing on this issue was set for a later date.

 The trial court was furnished a PSI report at the restitution hearing that showed the
total amount of checks forged by appellant totalled $42,124.22. After it was shown that appellant
had paid $2,732.55 to the bank for one of the checks that had been charged back to the bank, the
court purported to grant credit for this amount and ordered restitution of $40,291.87, an obvious
mathematical error.

 Appellant, a bookkeeper for Austin Group Architects, replaced her normal payroll
checks with checks forged for greater amounts. In addition, appellant forged checks on the firm's
account to pay personal bills. Barry Bubis, Vice President of Austin Group Architects, testified
that the amount of $42,124.22 represented the total amount of checks forged by appellant. Bubis
identified amounts of legitimate payroll checks issued appellant for the months of January 1991
through June 1991. Only one of the checks was shown to have been debited to the firm's account. 
In addition, checks dated November 30, 1990, July 31, 1990, July 31, 1990, July 31, 1991, and
August 30, 1991, were identified as checks forged by appellant. Bubis testified that he did not
know whether appellant cashed her payroll checks for these months. Appellant testified that she
destroyed all of her payroll checks except for the one shown to have been debited to the firm's
account. Appellant stated that she destroyed the checks issued her and forged checks in larger
amounts because she felt at that time that she deserved more compensation for her work.

 The State urges that the amount of restitution should represent the total amount of
checks forged without regard to legitimate salary checks that were not shown to have been
negotiated. The State reasons that appellant received the checks to which she was entitled; that
the trial court, as the trier of facts, could disbelieve appellant's testimony that she destroyed the
checks; that appellant forged checks in the amount of $42,124.22; and that Austin Group
Architects had never been repaid any amount of money. The trial court ordered appellant to not
cash any checks that "you may have from the -- architectural firm. If you have any of those in
your possession, return those to the firm." While the record is silent, we can reasonably infer that
an established architectural firm had stopped payment on any of the checks in question.

 The Court of Criminal Appeals has held that trial courts are empowered, within
their sound discretion, to order restitution as a condition of probation so long as the amount set
by the court has a factual basis in the record and is just. Martin v. State, No. 6518-91 (Tex.
Crim. App.--March 30, 1994); Cartwright v. State, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). 
A trial court's order as a condition of probation will not be overturned on appeal absent an abuse
of discretion. See Cartwright, 605 S.W.2d at 289. The trial court has been held to have abused
its discretion in failing to take into account the salvage value of recovered property taken in a
burglary in setting the amount of restitution as a condition of probation. See Garza v. State, 841
S.W.2d 19, 23 (Tex. App.--Dallas 1992, no pet.).

 It is undisputed that appellant was issued payroll checks that had not been debited
to the injured party's account at the time of trial. Nor is there any dispute relative to appellant
being entitled to the amounts represented by these checks as wages for services rendered. An
order of restitution that fails to take into account the amounts of non-negotiated checks to which
appellant was justly entitled would more than "make good" the injured party. See Davis v. State,
757 S.W.2d 386, 389 (Tex. App.--Dallas 1988, no pet.). The trial court's order of restitution is
neither just nor supported by the factual evidence. We hold that the trial court abused its
discretion in setting the amount of restitution as a condition of probation.

 If the proper amount of restitution can be determined from the record, the proper
remedy is to modify the amount ordered by the trial court. See Hefner v. State, 735 S.W.2d 608,
614 (Tex. App.--Dallas 1987, pet. ref'd). In the instant cause, we are unable to determine the
proper amount of restitution. Bubis did not have any record nor did he know whether four of
appellant's legitimate payroll checks had been cashed. The record also fails to negate the
possibility that other payroll checks had been negotiated and were in transit to the injured party's
bank at the time of trial.

 We set aside the trial court's order in so far as it relates to punishment and remand
the cause to the trial court for a new hearing on the issue of punishment.



 

 Tom G. Davis, Justice

Before Justices Kidd, B. A. Smith and Davis*

Reversed and Remanded

Filed: June 8, 1994

Do Not Publish
















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).