

NUMBER 13-11-00669-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARY KATHERINE NEISWENDER,**            **Appellant,**

**v.**

**SLC CONSTRUCTION, LLC.,**            **Appellee.**

---

### On appeal from the 105th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

This is an appeal from an order granting summary judgment against appellant, Mary Katherine Neiswender, on statute of limitations grounds in her personal injury suit against appellee, SLC Construction, L.L.C. ("SLC"). By several issues, which we reorganize as two, Neiswender contends that the trial court erred in granting summary

judgment because:  (1) there is a fact issue regarding the date the petition was mailed; and (2) SLC failed to prove the accrual date of the cause of action as a matter of law. We affirm.

## I. BACKGROUND

Neiswender sued SLC alleging negligence and negligent performance of an undertaking in connection with construction work performed by SLC on streets and curbs in Neiswender's neighborhood.  Neiswender alleged that SLC removed her driveway and placed concrete, rebar, and other construction materials in front of her home.  Neiswender claimed she suffered injuries when she slipped and fell over the construction materials as she attempted to leave her home.

Neiswender's petition alleged that she was injured "on or about September 3, 2008."  SLC filed an amended traditional motion for summary judgment asserting that Neiswender's claims are barred by the statute of limitations.  SLC attached the following summary judgment evidence:  (1) Neiswender's petition; (2) Nueces County's "Register of Actions" in the case, reflecting that the petition was filed September 9, 2010; (3) the first class envelope postmarked September 8, 2010 that the petition was mailed in; (4) the affidavit of Cathy Polderman, Nueces County Postmaster, stating that the envelope postmarked September 8, 2010 was mailed on either the evening of September 7, 2010 or the day of September 8, 2010; and (5) excerpts from the deposition of Denise Maza, a legal assistant to Neiswender's counsel, stating that although she has no specific recollection of taking the envelope containing Neiswender's petition to the post office, she must have mailed it on September 3, 2010 because it was her responsibility to

2

gather and mail all office outgoing mail.[1]  Neiswender filed a response to SLC's motion, in which she:  (1) objected to Polderman's affidavit on grounds that it was "conclusory and speculative"; (2) argued that SLC failed to prove the accrual date of her cause of action because the "on or about" language in her petition was not a judicial admission; and (3) presented an affidavit by Maza stating that she mailed the petition on September 3, 2010, and argued that this raises a fact issue regarding the date the petition was mailed.  SLC filed objections to Maza's affidavit on grounds that it:  (1) failed to state that the facts in the affidavit were true and based on the affiant's personal knowledge; and (2) is insufficient to raise a fact issue because Maza admitted in her deposition testimony that she is unsure whether the envelope containing Neiswender's petition was mailed September 3, 2010.

On July 19, 2010, the trial court held a hearing on SLC's amended motion for summary judgment.  The trial court overruled SLC's objections to Maza's affidavit and Neiswender's objections to Polderman's affidavit.  The court found that the evidence showed that Neiswender's petition was mailed on the evening of September 7, 2010 or the day of September 8, 2010 and that her claims are therefore barred by the statute of limitations.  The court noted that Meza's affidavit did not "unequivocally state that she knows for a fact she put that pleading in the mailbox when you view it in light of her deposition testimony as well."  The trial court granted summary judgment in SLC's favor. Neiswender filed a motion for new trial, which the trial court denied.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

---

[1] We note that the excerpted portions of Maza's deposition testimony attached to SLC's amended motion contain only the odd-numbered pages of the deposition.  However, a copy of the complete deposition appears elsewhere in the record.

3

Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex. 2005) (citing *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)); *see Rodriguez v. Mem'l Med. Ctr.*, No. 13-06-162-CV; 2007 Tex. App. LEXIS 9159, at *4 (Tex. App.—Corpus Christi Nov. 20, 2007, no pet.) (mem. op.).  A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action. *Diversicare,* 185 S.W.3d at 846.  If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations.  *Id.*  When reviewing a summary judgment, we take as true all competent evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

A negligence claim arising from a personal injury must be brought within two years from the date of injury. *Valverde v. Biela's Glass & Aluminum Prods*., 293 S.W.3d 751, 753 (Tex. App.—San Antonio 2009, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2011).

Rule 5 of the Texas Rules of Civil Procedure, commonly known as the mailbox rule, provides that a document is deemed timely filed if (1) it is sent to the proper clerk, (2) by first-class United States mail, (3) in a properly addressed and stamped envelope, (4) on or before the last day for filing, and (5) it is received not more than ten days tardily.  *See* TEX. R. CIV. P. 5; *Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 813 (Tex.

App.—Corpus Christi 2009, pet. denied) "Texas courts have held that, '[i]n the absence of a proper postmark or certificate of mailing, an attorney's uncontroverted affidavit may be evidence of the date of mailing.'" *State Farm Lloyds*, 287 S.W.3d at 813 (quoting *Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693-94 (Tex. 1995)). Several Texas appellate courts have applied the mailbox rule in cases involving an original petition. *See, e.g., Flores v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, 167 S.W.3d 397, 399 (Tex. App.—San Antonio 2005, pet. denied); *Bailey v. Hutchins*, 140 S.W.3d 448, 451 (Tex. App.—Amarillo 2004, pet. denied).

### III. DISCUSSION

### A. Date of Mailing

By her first issue,[2] Neiswender contends that she brought forth evidence—Maza's affidavit stating that she mailed the petition on September 3, 2010—rebutting the prima facie evidence of the September 8, 2010 postmark, and thereby raised a fact issue regarding the date of mailing. Neiswender argues that nothing "prohibits the introduction of evidence to rebut the postmark as date of mailing." SLC concedes that "'in the absence of a proper postmark or certificate of mailing, an attorney's

---

[2] In the "Issues Presented" section of her brief, Neiswender characterizes the issues as follows:

Whether an affidavit regarding ordinary procedure establishes as a matter of law that the procedure was followed in a particular instance not witnessed by the affiant.

Whether an affidavit from a postal official who did not personally witness mailing of an item or its postmarking can conclusively prove as a matter of law the date of mailing of the item.

Whether an affidavit regarding mailing procedures by private persons may be used in a summary judgment proceeding to raise a fact issue concerning date of mailing and controvert the date shown by a postmark.

Whether an affidavit creates a fact issue concerning date of mailing by establishing a routine mailing practice, facts showing the practice was followed on a given date, and the absence of the mail in the office at the start of the next business day.

5

uncontroverted affidavit may be evidence of the date of mailing.'" *See Flores,* 167 S.W.3d at 399 (quoting *Lofton*, 895 S.W.2d at 693–94). SLC argues, however, that in cases where a United States Postal Service postmark exists, as here, an attorney's affidavit is insufficient to overcome the presumption of the date of mailing established by the postmark. *See Tex. Beef Cattle Co. v. Green*, 862 S.W.2d 812, 814 (Tex. App.—Beaumont 1993), *rev'd on other grounds*, 921 S.W.2d 203 (Tex. 1996) (holding that an attorney's affidavit and a postage meter stamp failed to overcome the presumption of the date of mailing established by a United States Postal Service postmark).

Here, the September 8, 2010 United States Postal Service postmark provided prima facie evidence of the date of mailing. TEX. R. CIV. P. 5. Maza's affidavit stated that she mailed the petition on September 3, 2010. However, Maza's affidavit was directly controverted by Polderman's affidavit, which stated that the envelope postmarked "September 8, 2010" was mailed on the evening of September 7, 2010 or the day of September 8, 2010.[3] Moreover, Maza's deposition testimony established that although she recalled taking "all the mail" to the post office on September 3, 2010, she could not specifically say that the envelope containing Neiswender's petition was included in the mail. We conclude that Maza's affidavit does not overcome the presumption of the date of filing established by the September 8, 2010 postmark. *See Tex. Beef Cattle Co.*, 862 S.W.2d at 814.

Neiswender argues that "[t]here are cases in which the various courts of appeals have accepted an affidavit to counter a postmark," citing *Texas State Board of Public*

---

[3] Although one of Neiswender's sub-issues questions whether Polderman's affidavit can conclusively establish the date of mailing as a matter of law, she does not address this argument in her brief. Accordingly, the issue is inadequately briefed, and we do not address it. *See* TEX. R. APP. P. 38.1(i).

6

*Accountancy v. Fulcher*, 515 S.W.2d 950, 957 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.) (op. on reh'g).[4] In *Fulcher*, this Court concluded that the facts set out in four affidavits overcame the presumption of the date of filing established by a United States postmark. *See id.* at 957–58. The facts established by the affidavits included: (1) that a legal secretary actually deposited the document in question in the United States mail the day before the postmark was affixed; and (2) the truck which transported mail from the San Benito Post Office to the McAllen Post Office on the day in question experienced mechanical difficulties and arrived five hours behind schedule, which could have accounted for the later postmark. *See id.* Under such circumstances, this Court found "as a fact" that the document had been timely mailed. *See id.* We find that the circumstances in *Fulcher* are distinguishable from those in the present case.[5] In *Fulcher*, the legal secretary's affidavit stated that she personally deposited the envelope in the mail at a specific location. *See id.* at 957. In contrast, Maza's deposition testimony established that she did not recall specifically that the envelope containing Neiswender's petition was included in the mail and did not recall where she deposited the mail on September 3, 2010. In *Fulcher*, the affidavits established a plausible explanation for the later-affixed postmark. *See id.* Here, no such evidence explaining the later postmark exists. We overrule Neiswender's first issue.

## B. Date of Accrual

---

[4] Despite Neiswender's reference to "various courts of appeals," she cites no other cases following *Texas State Board of Public Accountancy v. Fulcher*, 515 S.W.2d 950, 957 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.) (op. on reh'g), and we have found none.

[5] The trial court also found *Fulcher* distinguishable. At the hearing, the trial court noted that "the difference [in *Fulcher*] was that the person who did the affidavit on behalf of the law firm specifically had personal knowledge of not only preparing the documents and placing them in the envelope but actually depositing them in the United States Post Office mail receptacle." The trial court also noted that there was an explanation for the discrepancies between the date of mailing and the postmark.

By her second issue, Neiswender contends that SLC failed to prove the accrual date of her cause of action as a matter of law. Specifically, she argues that her pleading that the accident occurred "on or about" September 3, 2008 "cannot be held to constitute a judicial admission [that] the incident occurred exactly on September 3, 2008."

Because SLC moved for summary judgment on limitations grounds, it was required to conclusively establish the defense, including the accrual date of the cause of action. *See Diversicare*, 185 S.W.3d at 846; *Arnold v. Schuck*, 24 S.W.3d 470, 471 (Tex. App.—Texarkana 2000, pet. denied). If SLC established that the action was barred by limitations, Neiswender "must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations." *Diversicare*, 185 S.W.3d at 846; *Schuck*, 24 S.W.3d at 471.

SLC's summary judgment evidence included: (1) a copy of Neiswender's petition, which alleged that the injury occurred on or about September 3, 2008; (2) Nueces County documents establishing that the petition was filed September 9, 2010; and (3) the first class envelope the petition was mailed in postmarked September 8, 2010. This was sufficient to establish that the action was barred by limitations and shift the burden to Neiswender to bring forward summary judgment proof raising a fact issue in avoidance of the statute of limitations. *See Schuck*, 24 S.W.3d at 471–72 (holding that defendant's summary judgment evidence, consisting of plaintiff's petition alleging that accident occurred on or about April 11, 1997, and which was file-stamped April 13, 1999, was sufficient to establish limitations defense and shift burden to plaintiff to bring forward summary judgment proof raising fact issue in avoidance of limitations). In her

8

response to SLC's motion, Neiswender argued that the "on or about" language in her petition was not a judicial admission that the incident occurred exactly on that date, but offered no evidence raising a fact issue regarding when the incident occurred. Thus, we conclude that Neiswender failed to bring forth summary judgment proof raising a fact issue in avoidance of limitations. *See id.*; *see also Simmons v. Elmow Holdings, Inc.*, No. 02-08-027-CV, 2008 Tex. App. LEXIS 5199, at *10 (Tex. App.—Fort Worth July 10, 2008, pet. denied) (mem. op.) (finding that allegation in petition that accident occurred "on or about" a certain date was judicial admission which precluded appellant from arguing that fact issue existed as to when cause of action accrued); *Talamantez v. Baca*, No. 04-01-200-CV, 2002 Tex. App. LEXIS 2, at *1 (Tex. App.—San Antonio Jan. 2, 2002, no pet.) (finding that plaintiff's petition alleging that injuries occurred "on or about May 22, 1998" conclusively established date that cause of action accrued as May 22, 1998). We overrule Neiswender's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.


                                        DORI CONTRERAS GARZA
                                        Justice

Delivered and filed the
26th day of July, 2012.