ACCEPTED
13-15-00062-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/14/2015 4:07:50 PM
DORIAN RAMIREZ
CLERK

**ORAL ARGUMENT REQUESTED**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/14/2015 4:07:50 PM
DORIAN E. RAMIREZ
Clerk

**NO. 13-15-00062-CV**

# IN THE COURT OF APPEALS
# FOR THE THIRTEENTH DISTRICT
# AT CORPUS CHRISTI, TEXAS

**STEFAN KONASIEWICZ, M.D.,**
**Appellant,**

**v.**

**PEDRO LOMAS,**
**Appellee.**

**On Appeal from County Court at Law No. 3, Nueces County, Texas**
**Cause No. 2012-CCV-61204-3**
**(Hon. Deeanne Galvan)**

**REPLY BRIEF OF APPELLANT**

Respectfully submitted,

**COOPER & SCULLY, P.C.**
**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**R. BRENT COOPER**
brent.cooper@cooperscully.com
Texas Bar No. 04783250
**KYLE M. BURKE**
kyle.burke@cooperscully.com
Texas Bar No. 24073089
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR APPELLANT**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENT AND AUTHORITIES IN REPLY ....................................................1

I.  Objection to Appellee's Statement of Facts and Motion to Strike .................1

II.  Appellee's Report Was Untimely ...................................................2

    A.  Appellee Not Entitled to Presumption of Timely Service ....................2

    B.  Dr. Konasiewicz Conclusively Established Date of Service as October 18, 2012, or Alternatively, Rebutted Any Supposed Presumption of Timely Service ..........................................9

III.  There Is Legally and Factually Insufficient Evidence to Support the Trial Court's Findings of Fact and Conclusions of Law ............................13

CONCLUSION & PRAYER ..........................................................................17

CERTIFICATE OF COMPLIANCE ..................................................................19

CERTIFICATE OF SERVICE.......................................................................20

i

# TABLE OF AUTHORITIES

**Case**                                                                     **Page(s)**

*Albaugh v. State Bank of La Vernia*,
   586 S.W.2d 137 (Tex. Civ. App.—San Antonio 1979, no writ) ......................7, 8

*Badiga v. Lopez*,
   274 S.W.3d 681 (Tex. 2009) .................................................................. 17

*Beaumont Bank, N.A. v. Buller*,
   806 S.W.2d 223 (Tex. 1991) .................................................................. 8

*Brown v. The State Bar of Texas*,
   960 S.W.2d 671 (Tex. App.—El Paso 1997, no writ)................................14, 15

*Cameron County Drainage Dist. No. 5 v. Gonzales*,
   69 S.W.3d 820 (Tex. App.—Corpus Christi 2002, no pet.) ............................. 15

*Carlisle v. Philip Morris, Inc.*,
   805 S.W.2d 498 (Tex. App.—Austin 1991, writ denied).................................. 2

*City of Corpus Christi v. Taylor*,
   126 S.W.3d 712 (Tex. App.—Corpus Christi 2004, pet. withdrawn) ............... 15

*City of Keller v. Wilson*,
   168 S.W.3d 802 (Tex. 2005) .................................................................. 14

*Griffith v. State*,
   976 S.W.2d 241 (Tex. App.—Amarillo 1998, pet. ref'd)................................. 10

*Huntley v. Enon Ltd. P'ship*,
   197 S.W.3d 844 (Tex. App.—Fort Worth 2006, no pet.)................................. 16

*Katz v. Rodriguez*,
   563 S.W.2d 627 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) ........ 16

*Kendrick v. Garcia*,
   171 S.W.3d 698 (Tex. App.—Eastland 2005, pet. denied) ...........................5, 6

*Lofton v. Allstate Ins.*,
   895 S.W.2d 693 (Tex. 1995) .................................................................. 4

*Marshall v. Housing Auth. of the City of San Antonio*,
198 S.W.3d 782 (Tex. 2006) .............................................................. 2

*Mathis v. Lockwood*,
166 S.W.3d 743 (Tex. 2005) .............................................................5, 6

*McQuade v. Berry*,
No. 02-12-00099-CV, 2012 WL 6049012
(Tex. App.—Fort Worth Dec. 6, 2012, no pet.)...........................10, 12

*Mitchell v. Berry*,
No. 05-06-01328-CV, 2007 WL 4111923
(Tex. App.—Dallas Nov. 20, 2007, pet. struck) ................................. 1

*Neiswender v. SLC Constr., LLC*,
No. 13–11–00669–CV, 2012 WL 3046010
(Tex. App.—Corpus Christi July 26, 2012, pet. denied)..................... 9

*Nexion Health at Beechnut, Inc. v. Paul*,
335 S.W.3d 716 (Tex. App.—Houston [14th Dist.] 2011, no pet.)................... 16

*Ogletree v. Matthews*,
262 S.W.3d 316 (Tex. 2007) .......................................................... 17

*Quick v. City of Austin*,
7 S.W.3d 109 (Tex. 1998)............................................................... 16

*Ray v. Farmers' State Bank of Hart*,
576 S.W.2d 607 (Tex. 1979) .......................................................... 15

*Rosales v. H.E. Butt Grocery Co.*,
905 S.W.2d 745 (Tex. App.—San Antonio 1995, writ denied) ......................3, 5

*Southland Life Ins. Co. v. Greenwade*,
138 Tex. 450, 159 S.W.2d 854 (Comm'n App. 1942)...................... 10

*Strobel v. Marlow*,
341 S.W.3d 470 (Tex. App.—Dallas 2011, no pet.) .......................... 8

*Texas Beef Cattle Co. v. Green*,
862 S.W.2d 812 (Tex. App.—Beaumont 1993, no writ) ................... 8

**Statutes**                                                                    **Page(s)**

TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507 (Vernon 2011) ............................... 1

TEX. CIV. PRAC. & REM. CODE § 74.351 (Vernon 2011) ........................................ 2

TEX. CIV. PRAC. & REM. CODE § 74.351(a) ......................................................... 17

TEX. CIV. PRAC. & REM. CODE § 74.351(b) ......................................................... 17

**Rules**                                                                       **Page(s)**

TEX. R. APP. P. 38.1(h) ..................................................................................... 2

TEX. R. CIV. P. 21a .............................................................................. 3, 4, 5, 7, 9, 14

TEX. R. EVID. 402 ............................................................................................. 1

TEX. R. EVID. 403 ............................................................................................. 1

TEX. R. EVID. 801 ............................................................................................. 1

TEX. R. EVID. 802 ............................................................................................. 1

NO. 13-15-00062-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS

STEFAN KONASIEWICZ, M.D.,
Appellant,

v.

PEDRO LOMAS,
Appellee.

On Appeal from County Court at Law No. 3, Nueces County, Texas
Cause No. 2012-CCV-61204-3
(Hon. Deeanne Galvan)

REPLY BRIEF OF APPELLANT

TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF
APPEALS:

Appellant Stefan Konasiewicz, M.D. ("Dr. Konasiewicz" or "Appellant")

submits this Reply Brief of Appellant, in accordance with Rules 9.4 and 38 of the

Texas Rules of Appellate Procedure and all local rules of this Court. In Reply to

the Brief of Appellee[1] Pedro Lomas ("Appellee"), Appellant respectfully represents as follows:[2]

---

[1] Appellant will cite his opening brief as "Br." and the Brief of Appellee as "Resp."

[2] Appellant stands on the arguments and legal authority presented in his primary brief. Thus, to the extent Appellant may not reply herein to a particular assertion or argument or citation by Appellee, such conduct should not be construed as acquiescence by Appellant in any of Appellee's arguments or waiver by Appellant of any argument made in his Brief of Appellant or in this Reply Brief.

## ARGUMENT AND AUTHORITIES IN REPLY

Appellee missed the deadline for serving Chapter 74[3] expert reports. Therefore, the trial court abused its discretion in overruling Dr. Konasiewicz's objections to the timeliness of Appellee's expert report and request for dismissal with prejudice. This Court should reverse the trial court's order overruling Dr. Konasiewicz's objections regarding the timeliness of Appellee's expert report, dismiss Appellee's suit with prejudice, and remand for a determination of Dr. Konasiewicz's reasonable attorney's fees and costs of court.

### I. Objection to Appellee's Statement of Facts and Motion to Strike

Dr. Konasiewicz stands by his statement of facts in his opening brief. Dr. Konasiewicz objects to Appellee's reference to an external webpage on page 2 of Appellee's Statement of the Facts. This webpage was not offered or in evidence before the trial court, nor should it have been. It is hearsay, irrelevant to the issues before the trial court and this Court, and highly improper where it obviously was included to prejudice Dr. Konasiewicz before this Court. *See* TEX. R. EVID. 402, 403, 801, 802. Dr. Konasiewicz moves that the Court strike those portions of Appellee's brief or, at a minimum, refuse to consider those references. *See* *Mitchell v. Berry*, No. 05-06-01328-CV, 2007 WL 4111923, at *3 (Tex. App.— Dallas Nov. 20, 2007, pet. struck) (refusing to consider appellant's factual

---

[3]    TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507 (Vernon 2011).

assertions unsupported by the record (citing TEX. R. APP. P. 38.1(h); *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006))); *Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498 (Tex. App.—Austin 1991, writ denied) (portion of appellants' brief (1) citing and quoting from scientific and medical publications which had not been submitted to trial court and included as part of evidence, and (2) including "facts" interspersed with disparaging comments about defendants would be stricken from brief since such materials were outside trial record).

## II.   Appellee's Report Was Untimely

### A.   Appellee Not Entitled to Presumption of Timely Service

As explained, Dr. Konasiewicz provided evidence that conclusively established service of the section 74.351 expert report[4] on the 121st day following the filing of Appellee's Original Petition, such that Appellee was not entitled to a presumption of timely service.  (Br. at 14-22).  Dr. Konasiewicz provided the results from an inquiry on the United States Postal Service ("USPS") Track and Confirm web page corresponding to the article mailed to Dr. Konasiewicz.  (CR 323). The USPS Track and Confirm results showed that Appellee did not deposit the article at the Nueces Bay Boulevard post office on October 17, 2012 as

---

[4]      *See* TEX. CIV. PRAC. & REM. CODE § 74.351 (Vernon 2011).

claimed. (*Id.*). Rather, they were deposited at 4:13 p.m. on October 18, 2012 at the Portland, Texas post office. (CR 323).

And, the affidavit of USPS Supervisor of Customer Service Support Tim Birrenkott conclusively established that the items were not mailed on October 17, 2012 and were not mailed from the main post office on Nueces Bay Boulevard, but instead were "tendered into the U.S. Mail at the Portland, Texas post office branch inside the post office on October 18, 2012 at 4:13 PM. The items would have had to be handed by the customer to an employee of the Portland post office." (CR 290).

The evidence conclusively established that Dr. Konasiewicz was not timely served with expert reports. Alternatively, and at a minimum, this evidence precluded any application of the presumption of timely service under Rule 21a. The documentary evidence from the USPS, as well as the testimony of Mr. Birrenkott explaining that evidence, rendered Ms. Stoner's affidavit and testimony wholly inaccurate, not probative, and not prima facie evidence of service on the statutory deadline of October 17th, and thus could not even give rise to a presumption of timely service. *See* TEX. R. CIV. P. 21a; *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex. App.—San Antonio 1995, writ denied) ("A prima facie case represents the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true."). And Texas courts

have held that, "in the absence of a proper postmark or certificate of mailing, an attorney's *un-controverted* affidavit may be evidence of the date of mailing." *Lofton v. Allstate Ins.*, 895 S.W.2d 693, 694 (Tex. 1995) (emphasis added). Here, the postmark was not placed by the USPS, but rather, placed by Ms. Stoner (2 RR 27; (Resp. at 4)), and there was no certificate of mailing proffered. In the absence of the proper postmark, the Stoner affidavit is directly controverted and negated by Mr. Birrenkott's affidavit and the USPS Track and Confirm results. As a result, Appellee had no evidence of an October 17th date of mailing that would trigger the presumption of timely service of the report.

Appellee claims that the presumption of timely service is supported by Ms. Stoner's affidavit and her testimony. (Resp. at 11). First, there is nothing in Rule 21a stating that the presumption may arise on the basis of oral testimony. Rather, the rule provides that:

> A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service.

TEX. R. CIV. P. 21a. As the supreme court explained in *Mathis*:

> [W]e cannot presume that notice was properly sent; when that is challenged, it must be proved *according to the rule*. . . . [T]he record contains no certificate of service, no return receipt from certified or registered mail, and no affidavit certifying service. Instead, the only evidence of service in the record was the oral assurance of counsel. As the rule's requirements are neither vague nor onerous, we decline to expand them this far.

*Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (emphasis added). Similarly, Ms. Stoner's oral assurances of timely service cannot give rise to the presumption according to Rule 21a.

And, as explained, Ms. Stoner's affidavit did not give rise to the presumption because it is wholly rendered inaccurate by the USPS Tracking results and Mr. Birrenkott, is not probative, and does not meet the standard for prima facie evidence. *See Rosales*, 905 S.W.2d at 748; *Compare* (CR 228) and (2 RR 18-28) *with* (CR 289-90, 323). Further, Ms. Stoner's affidavit could not raise the presumption of service because it did not demonstrate compliance with the requirements of Rule 21a. (*See* CR 228). Her affidavit did not affirmatively state that the report was served by certified or registered mail. (*Id.*); TEX. R. CIV. P. 21a. It was not until the hearing that Appellee attempted to shore up Ms. Stoner's affidavit with her testimony. (*See* 2 RR 27).

*Kendrick v. Garcia* provides guidance. There, the plaintiff's attorney claimed that she mailed a copy of the expert reports to the defendant physician and hospital by first-class mail before the 120-day deadline. *Kendrick v. Garcia*, 171 S.W.3d 698, 701 (Tex. App.—Eastland 2005, pet. denied). The defendant physician and hospital filed motions to dismiss, stating that they did not receive the plaintiff's expert reports before the 120-day deadline, but rather received them by facsimile a month and a half later. *Id.* at 701. Plaintiff subsequently filed a

certificate of service claiming that the reports were served by the deadline, and in an affidavit attached to the response to the motions to dismiss, plaintiff's counsel affirmed that she mailed a copy of the reports to the hospital's attorney of record via first class U.S. mail. *Id.* With respect to the hospital, the trial court stated that plaintiff complied with section 74.351 because the hospital did not rebut plaintiff's allegation that the documents were mailed to its attorney of record on April 12, 2004. *Id.*

The court of appeals reversed the trial court's denial of the motions to dismiss. *Id.* at 704. The court first determined that plaintiff had not served the report by either certified or registered mail as required by Rule 21a. *Id.* But the court also disagreed with the trial court's determination that plaintiff timely served the hospital because it did not rebut plaintiff's allegation that the documents were mailed to the hospital's attorney on April 12, 2004. The certificate of service filed by plaintiff's counsel did not even raise a presumption of receipt because it was not contemporaneously executed "on the filed instrument" as required by Rule 21a. *Id.* (citing *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)). Furthermore, the plaintiff did not use one of the methods of service authorized by Rule 21a. "[N]otice *properly* sent pursuant to Rule 21a raises a presumption that notice was received." *Id.* (emphasis in original) (quoting *Mathis*, 166 S.W.3d at 745).

Accordingly, there was no presumption of receipt that the hospital needed to rebut.

*Id.*

Similarly, Ms. Stoner's affidavit did not even raise the presumption of *proper* service of Dr. Barrash's report. While stating that the article was sent post-paid, it does not indicate that the item was sent certified or registered mail. *See* TEX. R. CIV. P. 21a; (CR 228).

And, the dates on the letters and the mailing envelopes accompanying the expert report provide no evidence of the date they were actually mailed. (*See* Resp. at 12). A similar argument was made in *Albaugh v. State Bank of La Vernia*, 586 S.W.2d 137 (Tex. Civ. App.—San Antonio 1979, no writ), involving whether an appeal bond was timely mailed and filed with the clerk. *Id.* at 137-38. The appellant filed a certified copy of the letter of transmittal and of the envelope in which the letter and appeal bond were enclosed. *Id.* at 137. The metered stamp on the envelope showed the date of April 26, 1979, but a United States Postal Service postmark date of May 1, 1979. *Id.* With respect to the metered stamp, the court concluded:

> It is clear that the "postmark" showing April 26 as the date of mailing was impressed on the envelope by a postage meter stamp of the type used in business offices by persons other than the United States Postal Service. This stamp, at best, indicates the date on which the envelope was stamped by the meter. The date appearing on the metered stamp is set by the person operating the meter, so that, in fact, the metered stamp merely shows the date which appeared on the meter at the time the envelope was stamped, rather than the actual date.

> In view of the manner in which postage meters located in private offices are operated, the metered stamp has little, if any, probative force as evidence of the date of mailing.

*Id.* at 137-38 & n.2.

Similarly, here, the letters accompanying Dr. Barrash's report and the envelopes indicate—at best—the date typed into the letter and the date on which the envelopes were stamped by the private meter. *Id.*; *Texas Beef Cattle Co. v. Green*, 862 S.W.2d 812, 813 (Tex. App.—Beaumont 1993, no writ); (*see* CR 317-18).[5] And there is no certificate of service for the report, no certificate of mailing, and no return receipt from certified or registered mail that establish the date of mailing.

Ms. Stoner's affidavit and testimony, and the envelopes' postage are not probative or prima facie evidence of the date of mailing and cannot give rise to a presumption of timely service. While Appellee asserts that the trial court's decision fell within its discretion (Resp. at 13), when there is no evidence to support the date of purported service, the trial court abuses its discretionary authority in denying the motion to dismiss. *See Beaumont Bank, N.A. v. Buller*,

---

[5] Further, the transmittal letters themselves are no evidence of timely service because they do not constitute a certificate of service. *See Strobel v. Marlow*, 341 S.W.3d 470, 477 (Tex. App.—Dallas 2011, no pet.) (transmittal letter accompanying expert report contained no formal attestation of the fact of service and did not satisfy rule 21a to establish prima facie evidence of the fact of service).

806 S.W.2d 223, 226 (Tex. 1991). Appellee was not entitled to a presumption of timely service.

**B.** **Dr. Konasiewicz Conclusively Established Date of Service as October 18, 2012, or Alternatively, Rebutted Any Supposed Presumption of Timely Service**

Contrary to Appellee's assertion, even if he raised the presumption of service—which he did not—Dr. Konasiewicz's evidence conclusively contradicts, overcomes, or rebuts that presumption. *See Neiswender v. SLC Constr., LLC,* No. 13–11–00669–CV, 2012 WL 3046010, at \*3 (Tex. App.—Corpus Christi July 26, 2012, pet. denied) (affidavit by counsel's legal assistant claiming mailing date of September 3, 2010—prior to limitations deadline—was directly controverted by affidavit of county postmaster, who affirmatively stated that item was mailed on September 7th or 8th, 2010). The evidence conclusively establishes that the report was not mailed on October 17, 2012, the deadline for service of the expert report.

Appellee again contends that because Dr. Konasiewicz ultimately received the report—more than two weeks late—Dr. Konasiewicz cannot rebut a presumption of timely service or rely on *Cliff v. Huggins* or related cases. (Resp. at 14). But there is nothing in Rule 21a to indicate that a presumption of service established under the rule is irrebuttable. *See* TEX. R. CIV. P. 21a. Normally, a presumption is an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action, which may be

rebuttable or conclusive. *Griffith v. State*, 976 S.W.2d 241, 246 (Tex. App.—Amarillo 1998, pet. ref'd) (citing BLACK'S LAW DICTIONARY, 1185 (6th ed.1990)); BLACK'S LAW DICTIONARY (10th ed. 2014) ("A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.").

The supreme court has held:

> an inference established prima facie . . . is overcome, together with the evidentiary facts tending to establish it, only *when the evidence tending to support the contrary inference is conclusive, or so clear, positive and disinterested* that it would be unreasonable not to give effect to it as conclusive.

*Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 457, 159 S.W.2d 854, 858 (Comm'n App. 1942); *see McQuade v. Berry*, No. 02-12-00099-CV, 2012 WL 6049012, at *5 (Tex. App.—Fort Worth Dec. 6, 2012, no pet.) (quoting *Greenwade*, 138 Tex. at 457, 159 S.W.2d at 858). Here, even if Appellee had established a presumption of "the fact of timely service," which he did not, Dr. Konasiewicz presented evidence that is so clear, positive, and disinterested that it would be unreasonable not to give it effect as conclusive that the report was not served until October 18th from the Portland, Texas post office.

Again, USPS Track and Confirm results established that the items were mailed at 4:13 p.m. on October 18, 2012, at the Portland, Texas post office. (CR 323). And Mr. Birrenkott swore that the certified mail items "were **not deposited**

**on October 17, 2012** in any mailbox at the main post office located at 809 Nueces Bay Boulevard in Corpus Christi, Texas, 78469." (CR 290) (emphasis added). Instead, the items were "tendered into the U.S. Mail at the Portland, Texas post office branch inside the post office on October 18, 2012 at 4:13 PM." *Id.* Mr. Birrenkott's testimony is particularly compelling because it comes from a disinterested party: Mr. Birrenkott has "no dog in this hunt." And his testimony was clear and positive: Appellee did not deposit the items on October 17[th] at the Nueces Bay Boulevard post office.

Appellee seems to misunderstand Dr. Konasiewicz's argument regarding the effect of the USPS Track and Confirm results and Mr. Birrenkott's affidavit, stating: "Appellant argues that the envelope was not 'accepted' by the United States Postal Service until October 18, 2012." (Resp. at 14-15). Dr. Konasiewicz has argued that the Track and Confirm results and Mr. Birrenkott's affidavit conclusively establish that the items were not *deposited* when Appellee claimed. (Br. at 14-22; CR 290 (the items "were not deposited on October 17, 2012." (emphasis added)). The USPS Track and Confirm results and Mr. Birrenkott's affidavit conclusively established that the report was not deposited at the Nueces Bay Boulevard location on October 17, 2012, but instead was mailed at Portland, Texas on October 18, 2012. (3 RR 10-11; CR 290, 323). Even if Appellee had properly complied with Rule 21a for establishing a presumption of service—which

Dr. Konasiewicz disputes—Dr. Konasiewicz challenged and conclusively overcame that presumption.

Appellee states that "Defendant-Appellant's contention that an October 18, 2012 postmark should overcome the *prima facie* presumption, created by the certificate of service and Ms. Porter Stoner's affidavit and testimony, is unsupportable." (Resp. at 15). First, there is no certificate of service; Appellee cannot rely on a non-existent document. (*See* entire record). Second, as explained previously, Ms. Stoner's affidavit and testimony, in light of the entire record, are legally insufficient to give rise to a presumption under Rule 21a. Third, Appellee's reliance on *McQuade v. Berry* is unpersuasive. (Resp. at 15) (citing *McQuade v. Berry*, No. 02–12–00099–CV, 2012 WL 6049012 (Tex. App.—Fort Worth 2012, no pet.). There, the court found that a compliant certificate of service existed; none is present here. *McQuade*, 2012 WL 2049012, at \*3. And in *McQuade* the appellant admitted he had faxed the report around 10:45 p.m. on the last day of the deadline (November 22nd), and the court concluded that, in light of that fact, a November 23rd postmark was consistent with a late-night deposit with the post office. *Id.* at \*4.

But here, we know *exactly* what the "postmark"—the USPS Track and Confirm Results—means and when the items were deposited. Mr. Birrenkott has told us. He affirmatively swore that the Track and Confirm Results mean that the

items were items were "tendered into the U.S. Mail at the Portland, Texas post office branch inside the post office on October 18, 2012 at 4:13 PM. The items would have had to be handed by the customer to an employee of the Portland post office." (CR 290). If a certified mail item had been deposited at the main post office—as Ms. Stoner claimed—it would have been reported by the Track and Confirm system as "accepted" at the main post office on Nueces Bay Boulevard in Corpus Christi. (*Id.*). The *McQuade* court had no such evidence before it. And Appellee provided no evidence to indicate that (or why) an item deposited around 6:30 p.m. on October 17th would not be marked as accepted until 4:13 p.m. on October 18th at an entirely different location some ten miles away.

Appellee failed to present legally sufficient evidence to trigger the presumption of service, but even if he did, Dr. Konasiewicz successfully challenged and overcame any presumption of timely service. The trial court abused its discretion in overruling Dr. Konasiewicz's objections regarding the timeliness of Appellee's expert report and denying his request for dismissal.

### III. There Is Legally and Factually Insufficient Evidence to Support the Trial Court's Findings of Fact and Conclusions of Law

As explained, the trial court's Findings of Fact Numbers 6 and 7, and Conclusion of Law Number 17 are supported by legally and factually insufficient evidence and Conclusion of Law Number 17 is legally erroneous. (Br. at 14-22).

The evidence to support Findings of Fact Numbers 6 and 7, and Conclusion of Law Number 17 is no more than a mere scintilla. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). As discussed within Appellant's opening brief and above, Ms. Stoner's affidavit did not affirmatively demonstrate compliance with Rule 21a and thus is not prima facie evidence of service. (*See* 3 RR 11, 27-28; CR 228); TEX. R. CIV. P. 21a.

More importantly, the evidence presented by Dr. Konasiewicz conclusively established the opposite of the vital fact of a timely date of service alleged by Appellee. *See City of Keller*, 168 S.W.3d at 810. The USPS Track and Confirm results and Mr. Birrenkott's affidavit conclusively established that the reports were mailed at 4:13 p.m. on October 18th at the Portland, Texas post office and *not* on statutory deadline of October 17th from the Nueces Bay Boulevard post office. (Br. at 18-19; *Compare* (CR 228) *and* (2 RR 18-28) *with* (CR 289-90, 323)). The Stoner Affidavit and her testimony—inaccurate and disproved as to both the date of mailing and the location of mailing—are legally insufficient to constitute prima facie evidence of service and thus cannot even give rise to a presumption of timely service.

And although deference must be given to the trial court's findings of fact, that deference will be given only in those instances in which findings of fact are supported by evidence found in the record. *Brown v. The State Bar of Texas*, 960

S.W.2d 671, 675 (Tex. App.—El Paso 1997, no writ) (citing *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex. 1979)).  And findings of fact are not conclusive when a complete reporter's record appears in the appellate record, as in this case.  *City of Corpus Christi v. Taylor*, 126 S.W.3d 712, 717 (Tex. App.—Corpus Christi 2004, pet. withdrawn).  Only when there is *sufficient competent evidence of probative force* to support the finding must it be sustained.  *Brown*, 960 S.W.2d at 675 (emphasis added).  When the evidence is so weak or the finding so against the great weight and preponderance of the evidence as to be manifestly unjust, a reviewing court must set aside that finding.  *See Cameron County Drainage Dist. No. 5 v. Gonzales*, 69 S.W.3d 820, 825 (Tex. App.—Corpus Christi 2002, no pet.).

Here, there is legally insufficient competent evidence of probative support to support the trial court's finding, or, alternatively, the evidence is so weak and the finding so against the great weight and preponderance of the evidence as to be manifestly unjust.  *See id.*  Again, Ms. Stoner's affidavit and testimony are not legally sufficient, competent, or probative on the issue of the date of service.  (*See* Section II.A., *supra*).  And Appellee's evidence is manifestly weak in the face of the evidence of the USPS Track and Confirm results and Mr. Birrenkott's affidavit, which conclusively and overwhelmingly established the items were untimely

mailed October 18th. In light of Dr. Konasiewicz's evidence, the trial court's findings are against the great weight and preponderance of the evidence.

Appellee's statement that "a finding of fact by the trial court, not assailed on appeal, is entitled to the same deference as a jury's finding and is binding on the reviewing court" is misplaced; Dr. Konasiewicz is obviously attacking the factual findings and therefore they are not entitled to such deference. (Br. at xii-xiii, 11-23). *See Katz v. Rodriguez*, 563 S.W.2d 627, 631 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) (unless the trial court's findings of fact are challenged by point of error on appeal, however, they are binding on the appellate court).

And, the trial court's conclusions of law are reviewed de novo as legal questions, and thus accorded no deference by a reviewing court. *Huntley v. Enon Ltd. P'ship*, 197 S.W.3d 844 (Tex. App.—Fort Worth 2006, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). Based on the evidence before it, the trial court could come to only one conclusion: that Appellee did not timely serve Dr. Barrash's report on October 17, 2012. Thus, the trial court erroneously concluded that service of the section 74.351 expert report was proper, *See Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.), and further, erred in concluding that Appellee timely served Dr. Konasiewicz on October 17, 2012 with the report of Dr. Barrash, by depositing it into the mail at the United States Post Office at 809 Nueces Bay Boulevard,

Corpus Christi, TX 78469. (*See* Findings of Fact Nos. 6 & 7, and Conclusions of Law No. 17 (SCR 10, 12-13)). Because Appellee did not timely serve an expert report, the trial court had no discretion but to dismiss Appellee's suit with prejudice. TEX. CIV. PRAC. & REM. CODE §§ 74.351(a), (b); *Ogletree v. Matthews*, 262 S.W.3d 316, 319-20 (Tex. 2007); *Badiga v. Lopez*, 274 S.W.3d 681, 683 (Tex. 2009).

This Court should reverse the trial court's order overruling Dr. Konasiewicz's objections regarding the timeliness of Appellee's expert report, dismiss Appellee's suit with prejudice, and remand to the trial court for a determination of Dr. Konasiewicz's reasonable attorney's fees and costs of court. TEX. CIV. PRAC. & REM. CODE § 74.351(b).

## CONCLUSION & PRAYER

Appellee failed to timely serve Dr. Konasiewicz with an expert report. Appellee was not entitled to a presumption of timely service. Even if he were, Dr. Konasiewicz rebutted and overcame that presumption. Dr. Konasiewicz conclusively established that Appellee did not serve an expert report by October 17, 2012. The evidence is legally and factually insufficient to support to the trial court's Findings of Fact numbers 6 and 7, and Conclusion of Law number 17; further, Conclusion of Law number 17 is legally erroneous.

**THEREFORE**, Appellant Stefan Konasiewicz, M.D. respectfully prays this Court reverse the trial court's order overruling Dr. Konasiewicz's objections regarding the timeliness of Appellee's expert report, dismiss Appellee's claims with prejudice, and remand to the trial court with an order to determine and award Appellant's reasonable attorney's fees and costs of court. Appellant prays for all such other and further relief, whether general or special, at law and in equity, as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**


By:   /s/Diana L. Faust
        **DIANA L. FAUST**
        diana.faust@cooperscully.com
        State Bar No. 00793717
        **R. BRENT COOPER**
        brent.cooper@cooperscully.com
        State Bar No. 04783250
        **KYLE M. BURKE**
        kyle.burke@cooperscully.com
        State Bar No. 24073089

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR APPELLANT
STEFAN KONASIEWICZ, M.D.**


### CERTIFICATE OF COMPLIANCE

I hereby certify that this Reply Brief of Appellant was prepared using Microsoft Word 2003, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 4,261 words.

        /s/Diana L. Faust
        **DIANA L. FAUST**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Reply Brief of Appellant on the following counsel of record, on the 14th day of May 2015, by the method indicated:

Mr. Robert C. Hilliard                                                 **VIA EFILE**
bobh@hmglawfirm.com
Mr. Rudy Gonzales, Jr.
rgonzales@hmglawfirm.com
Ms. Marion M. Reilly
marion@hmglawfirm.com
Ms. Catherine D. Tobin
catherine@hmglawfirm.com
Mr. John B. Martinez
john@hmglawfirm.com
Mr. T. Christopher Pinedo
cpinedo@hmglawfirm.com
Mr. Todd A. Hunter
todd@hmglawfirm.com
Hilliard Munoz Gonzales, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
**Counsel for Appellee**

Mr. W. Richard Wagner                                                 **VIA EFILE**
rwagner@wagnercario.com
Mr. Peter Cario
pcario@wagnercario.com
WAGNER CARIO, L.L. P.
7705 Broadway Street
San Antonio, TX 78209
**Trial Counsel for Appellant**


   /s/Diana L. Faust
   **DIANA L. FAUST**


D/926431v2